**UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee, et al., Plaintiffs–Appellees,**

v.

**Mimi SHAPIRO and Mortimer A. Shapiro, Defendants–Appellees,**

**Nest & Co., Defendant–Appellant,**

**Executive Life Insurance Co., et al., Defendants.**

No. 251, Docket 87–7487.

United States Court of Appeals, Second Circuit.

Argued Nov. 30, 1987.

Decided Dec. 30, 1987.

Michael B. Roitman, Boston, Mass., for defendant-appellant.

Kenneth P. Clark, New York City (Bernard Cedarbaum, Carter, Ledyard & Milburn, on the brief), for plaintiffs-appellees.

Stephen Lee Crystal, New York City (Crystal & Driscoll, on the brief), for defendants-appellees Mimi and Mortimer A. Shapiro.

Before NEWMAN and CARDAMONE, Circuit Judges, and GRAY, District Judge.[*]

PER CURIAM:

This appeal from a judgment of the District Court for the Southern District of New York (David N. Edelstein, Judge) in an interpleader action brings back to this Court the efforts of a class representative to obtain an attorney's fee from the interpleader fund. On the prior appeal, we considered the merits of a dispute between two groups of holders of debentures issued by UV Industries. *United States Trust Co. v. Executive Life Insurance Co.,* 791 F.2d 10 (2d Cir.1986). Both groups claimed entitlement to three interest payments made to the indenture trustee. We affirmed Judge Edelstein's ruling that the class referred to in the litigation as the Holding Class was entitled to the interest payments, rather than the class referred to as the Selling Class. *Id.* at 12–13.

On the prior appeal, we were also asked to review the District Court's ruling disallowing the claim of the Selling Class for an attorney's fee. The representative of that class, defendant-appellant Nest & Co., had sought the fee on the ground that, even if the ruling on the merits against the Selling Class was affirmed on appeal, Nest was

[*] The Honorable William P. Gray of the United States District Court for the Central District of California, sitting by designation.

entitled to a fee because it had been designated by the trial judge to represent the class, and its counsel had rendered legal services to the class. We declined to adjudicate the claim for fees because of a concession made during the oral argument by counsel for the representatives of the Holding Class, Stephen Lee Crystal, Esq., "to allow the payment of fees to Nest out of the fund." *Id.* at 13. However, recognizing that a settlement in a class action requires judicial approval, *see* Fed.R.Civ.P. 23(e), we remanded the matter to the District Court "for proceedings under Rule 23(e)." *Id.*

Upon remand, the District Court invited the parties to submit letters expressing their views on the fee issue. Attorney Crystal responded with a denial of any settlement with respect to a fee for Nest. Referring to what had transpired during his oral argument before the Court of Appeals, he said that "it was suggested ... that ... the ... Holding Class would have had no objection to such payment, if it was awarded by the Circuit Court." Relying on this letter, Judge Edelstein entered an order stating that there was no settlement and that there was no reason to modify his original order denying Nest a fee. Thereafter a final judgment was entered rejecting Nest's claim for an attorney's fee, allowing a fee to counsel for representatives of the Holding Class, and ordering disbursement of the fund to the Holding Class, with a proviso that an amount sufficient to cover Nest's fee claim be withheld and invested pending the outcome of Nest's current appeal to this Court.

The import of our prior opinion has been misperceived. We did not remand for a determination of *whether* there had been a settlement. In light of the concession made by counsel for representatives of the Holding Class, the opinion remanded "for proceedings under Rule 23(e)," that is, to consider whether the settlement of the fee issue was fair and reasonable under the circumstances and merited judicial approval. *See Malchman v. Davis,* 706 F.2d 426, 433–34 (2d Cir.1983); *City of Detroit v. Grinnell Corp.,* 495 F.2d 448 (2d Cir.1974). That remand was predicated on the un-

equivocal concession by Attorney Crystal. The tape recording of the oral argument on the prior appeal discloses that he said, "[O]ur client has instructed us to say to the Court that we believe that in all fairness they [counsel for Nest] should be paid from the fund." Later he added, "[W]e certainly believe that Mr. Roitman's [counsel for Nest] fee should also be paid from the fund." Still later in the argument, when counsel for the interpleader-plaintiff began to argue the fee issue, he was told by a member of the panel, "I don't think you need to address that either, since Mr. Crystal says it should be paid from the fund." Finally, after the panel issued its opinion, Attorney Crystal made no claim to this Court that the panel had incorrectly characterized his position on the disposition of Nest's claim for a fee.

The concession was not gratuitous. At the time it was made, the issue on the merits concerning entitlement to the disputed interest payments remained to be determined by this Court. Thus, it was very much in Crystal's interest to take the position that counsel for the non-prevailing class should be compensated from the fund, since this assured him of a source for payment of his fee in the event of a reversal on the merits. Counsel for Nest had previously taken the position that counsel for both sides should be paid from the fund. Moreover, though the legal strength of Nest's claim for a fee, if the Selling Class lost on the merits, was a matter of considerable dispute, there was at least a colorable basis for the claim, in light of the circumstances under which the District Court had called upon counsel for Nest to render services that assisted the Court.

In light of what transpired during the argument of the prior appeal, it cannot be maintained that Attorney Crystal had only "suggested" that the Holding Class would not object to a fee award to Nest "if it was awarded by the Circuit Court." Such a meaningless position is nowhere reflected in the oral argument, nor would it have been the basis for a remand to consider the fairness of a settlement.

Accordingly, the matter must again be remanded to the District Court with instructions to hold Attorney Crystal to his concession that an attorney's fee may be paid from the fund to counsel for Nest and to determine, in accordance with Rule 23(e), whether this settlement of the fee issue is fair and reasonable.

Remanded for further proceedings consistent with this opinion.