## DRUMMOND v. JAMES et al.

No. 20008.   Opinion Filed May 19, 1931.

Rehearing Denied June 30, 1931.

Wilson & Duncan, for plaintiff in error.

H. C. Hargis and F. O. Yarbrough, for defendants in error.

HEFNER, J.   This is an appeal from an order of the district court of Osage county refusing to confirm an execution sale of real estate.   The execution was issued out of that court to satisfy a judgment in favor of Louis James, as plaintiff, against Josephine James, as defendant.   It appears that defendant is the surviving wife of Roy James, deceased, and sole devisee under his will.   Louis James is a brother of deceased and, together with others who claim to be his heirs, filed a contest against the probate of the will.   After the filing thereof defendant herein entered into a compromise agreement with Louis James whereby she agreed to pay him $4,000 to withdraw his contest.   She thereafter gave him a check for this amount and upon receipt of the same Louis James withdrew from the contest.   Defendant did not have sufficient funds on deposit to meet the check and upon presentation thereof payment was refused.   Defendant thereafter made a $2,500 payment on the check, but was unable to pay the balance.

Louis James then brought suit on the check for the balance due and recovered judgment against the defendant, on which the execution was issued.   The execution was levied on real estate devised to defendant under the will and a sale was had thereunder on the 28th day of March, 1927.   The plaintiff in error, Alfred A. Drummond, was the purchaser at the sale.   A motion was filed by counsel for plaintiff to confirm the sale on the 17th day of April, 1927, but it was not pressed and no action was taken thereon until the 21st day of June, 1928, when the motion to confirm was denied.

It appears that after the compromise agreement was entered into, the other contestants proceeded with the contest, which was still pending at the time of the sale. Counsel for plaintiff bid in the land for plaintiff in error as his agent.   Plaintiff in error at that time paid to the sheriff 10 per cent. of the amount of his bid, and no other payments have ever been made thereon.   The bid was a few dollars in excess of two-thirds of the appraised value of the premises.   It is agreed that the sale was in all respects regular.

The motion to confirm was not pressed until two days after final judgment of this court sustaining the will.   The trial court denied confirmation on the ground of laches on the part of the purchaser.

The evidence discloses that after filing the motion to confirm an agreement was entered into between plaintiff and defendant that the motion to confirm should be indefinitely postponed and that plaintiff was to accept from defendant an order upon the administrator of the estate to secure payment of the judgment. This order was executed by defendant, and plaintiff did not press the motion. Plaintiff in error, however, after the decision of this court sustaining the will, appeared and demanded that the sale be confirmed.

It further appears from the evidence that counsel for plaintiff, who entered into the agreement for settlement of the judgment as above detailed, prior thereto talked with the plaintiff in error relative to his bid and was advised by him that he did not at that time wish to consummate the deal for the reason that the title to the land was in litigation. It also appears that plaintiff in error, after

having bid on the land, entered into an agreement with the administrator to lease it. It will thus be seen that plaintiff in error did not rely on his bid and did not claim title thereunder until after judgment of this court sustaining the will. It is true, as contended by his counsel, that plaintiff could have enforced the bid, but he might also, at his option, release the bidder and accept other security for his judgment. In our opinion, the only reasonable inference that can be drawn from the evidence is that plaintiff did release the bidder and accept other security for his judgment.

It further appears from the evidence that, relying upon the settlement made with plaintiff to satisfy the judgment out of the proceeds of the estate by giving plaintiff an order on the administrator, she proceeded to improve the land and expended some money thereon.

It is agreed by counsel that motions of this character are to a certain extent addressed to the sound discretion of the court. Of course, it could not act arbitrarily in the matter. The purchaser at a judicial sale, in the absence of equities to the contrary, is entitled to have the sale confirmed. No general rule can be made applicable to all cases. Each case must be governed by its own particular facts. We do not think the court abused its discretion in the instant case. The plaintiff made other arrangements to secure the payment of his judgment and did so after consulting with the bidder. Defendant, after securing the payment of the judgment, expended money in improving the premises. She is now willing to comply with this agreement. In these circumstances we think she is entitled to protection from a court of equity. It is apparent from this record that plaintiff in error did not intend to comply with his bid in the event of a decision by this court denying probate of the will, and it is also apparent that in that event plaintiff did not intend to enforce the bid. There was, therefore, no abuse of discretion in denying confirmation.

Judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.