**FLEET REAL ESTATE FUNDING CORPORATION, Appellee,**

v.

**Harry Medford FRAMPTON, Jr., Appellant,**

and

**Elaine J. Frampton, Defendant.**

**No. 74100.**

Court of Appeals of Oklahoma, Division No. 3.

April 23, 1991.

Harry Medford Frampton, Jr., pro se.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

■ Appellee did not file an answer brief. Where there is a failure to file an answer brief, if the brief in chief is reasonably supportive of Appellant's allegations of error, this Court will ordinarily reverse the appealed judgment with appropriate directions; but, if the brief in chief is not reasonably supportive of the allegations of error, the decision of trial court will be affirmed. *Cooper v. Cooper,* 616 P.2d 1154 (Okl.1980). We find Appellant's brief in chief does not support the allegations of error; and, the judgment is affirmed.

On June 30, 1989, Fleet Real Estate Funding Corporation (Appellee) obtained a judgment against Harry Medford Frampton, Jr., on a promissory note and foreclosing the real estate mortgage which secured the note. Appellant did not appeal within 30 days and the judgment became final. The sheriff's sale of the real property was confirmed over Appellant's objections on September 6, 1989. It is from the order confirming sheriff's sale that Appellant appeals.

■ First, Appellant contends that Appellee did not enter into good faith negotiations prior to the filing of the action on the note and to foreclose the mortgage. This contention is unsupported by legal authority. Further, the judgment was obtained on June 30, 1989, and no appeal was filed. By failing to file a timely appeal, Appellant waived any alleged error with reference to the entry of the judgment.

■ Appellant contends Appellee refused to accept tender of payment in full for the debt prior to the sheriff's sale, and therefore, Appellant is not liable for interest, costs and attorney fees pursuant to 12A O.S.1981 § 3–604.

The document offered by Appellant to Appellee as tender of payment in full is, in material part, as follows:

NEGOTIABLE INSTRUMENT
Redeemable When Presented To
The Signer At His Usual Place of
Sojourning or Business.

IN GOD WE TRUST
ON DEMAND
TENDER OF PAYMENT

No. _777_

_16 Aug_ , 1989

THE UNDERSIGNED WILL
PAY TO THE ORDER OF      Fleet Real Estate Funding Corp
SEVENTY–SIX THOUSAND ONE HUNDRED FOUR DOLLARS OF CREDIT * 76,104.00
As payment in full or Twenty–One Dollars of Silver in Full Payment At–Law

Certified By

THE F.R.B. OF NEW YORK

/s/ Harry M. Frampton

SIGNATURE

SAYS "MONEY DOESN'T HAVE TO BE ...
ISSUED BY A GOVERNMENT ... OR BE IN

9701 Willow Wind Dr.

ANY SPECIAL FORM." QUOTED FROM "I
BET YOU THOUGHT"
    TENDER IN PAYMENT IN FULL

ADDRESS

Midwest City,  OK    73130

CITY                    STATE

ZIP
MEMO:   ON ACCOUNT # 3743200

---

The above described document is not tender of payment in full. It is, at most, only another promise to pay. This contention is without merit.

■ Finally, Appellant contends he was entitled to a jury trial "pursuant to U.S. Constitution, Art. 7, Art. 9, Art. 2 § 19, and Art. 23 § 8." Here, Appellant appeals from an order confirming sheriff's sale, which is an ancillary enforcement proceeding to the judgment foreclosing the mortgage. Foreclosure is equity, not law. Appellant is not entitled a jury trial in equity, or on such a motion.

The standard of review for a motion to confirm sheriff's sale is whether the trial court abused its discretion. *Drummond v. James*, 150 Okl. 105, 300 P. 658 (1931). We do not find any abuse of discretion.

AFFIRMED.

HUNTER, C.J., and HANSEN, J., concur.