**Mansell Gene HODGES, Appellee,**

v.

**STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellant.**

**No. 76191.**

Court of Appeals of Oklahoma, Division No. 1.

Sept. 24, 1991.

Blair Easley, Jr., Dept. of Public Safety, Oklahoma City, for appellant.

Jose Gonzalez, Purcell, for appellee.

BAILEY, Judge:

Appellant State of Oklahoma, ex rel. Department of Public Safety (DPS) seeks re-

view of the Trial Court's order granting judgment to Appellee Mansell Gene Hodges (Hodges) in Hodges' action for review of DPS's order of revocation of Hodges' driver's license. Herein, DPS alleges in its sole proposition the error of the Trial Court in denying admission of DPS's evidence of Hodges' prior alcohol-related convictions and/or revocations.

The record reveals Hodges' arrest on November 8, 1989 on the charge of operation of a motor vehicle while under the influence of intoxicating substance (DUI) by a Blanchard, Oklahoma police officer. Hodges submitted to breath testing, revealing Hodges' blood-alcohol concentration of 0.17 gr./210 L. DPS thereafter issued an order revoking Hodges' driver's license for three (3) years under 47 O.S.Supp.1988 § 6–205.-1(a)(4), DPS' records reflecting two prior revocations of Hodges' driver's license in 1985. On administrative review, DPS' hearing officer sustained the three year revocation.

■ Hodges then sought District Court review of the order of revocation. At hearing, DPS attempted to introduce evidence of Hodges' two previous arrests for DUI by Blanchard, Oklahoma police officers in February and April, 1985, and DPS' prior orders for 6–month and 3–month revocations of Hodges' driver's license stemming therefrom. The Trial Court denied admission of DPS' evidence, observing that the February, 1985 citation for DUI issued to Hodges revealed an unaccelerated deferred sentence imposed,[1] and that Hodges forfeited bond on his April, 1985 arrest, holding that neither Hodges' deferred sentence on his first DUI arrest, nor his bond forfeiture on the second, constituted "convictions" under statute to support a three-year revocation of Hodges' license. Hodges then stipulated to a 3–month revocation stemming from his most recent arrest/conviction for

DUI, and the Trial Court so ordered. DPS appeals as aforesaid.

In that regard, we initially find the Trial Court erred in refusing admission of Hodges' February, 1985 arrest for DUI, DPS' uncontroverted evidence reflecting Hodges' refusal to then submit to breath testing, such refusal carrying with it a mandatory six-month revocation of driving privileges.[2] Further, Oklahoma statute treats "a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, [as] equivalent to a conviction,"[3] and we hold the Trial Court additionally erred in refusing admission of DPS's evidence of Hodges' April, 1985 DUI "conviction" and revocation. Stated otherwise, we find DPS's evidence of Hodges' two previous alcohol-related arrests/convictions/revocations admissible,[4] and DPS having so demonstrated by admissible evidence of commencement of two previous alcohol-related revocations within five years of Hodges' most recent DUI arrest, we hold a three-year revocation of Hodges' license mandatory.[5]

■ Moreover, it appears to this court that Hodges, by his evidentiary objections, in fact sought to attack the validity of his two previous DUI arrests/revocations; yet, we find the validity of both of Hodges' previous revocations beyond the reach of the current proceedings, Hodges having failed to timely object or request review thereof in 1985. To allow Hodges to now escape the mandatory revocation period imposed by 47 O.S. § 6–205.1 by evidentiary objection, in our opinion, amounts to nothing more than an impermissible collateral attack on his previous revocations, a course of action we will neither condone nor permit.

The order of the Trial Court denying admission of DPS' evidence of Hodges' previous alcohol-related revocations is therefore REVERSED, and the cause RE-

---

1. Although it appears Hodges received a one year deferred sentence on a plea of guilty to his February, 1985 DUI arrest, DPS' certified copy of that citation offered at trial, admissible under 47 O.S.Supp.1989 § 6–117(d), bears the notation "Deferred sentence violated."

2. 47 O.S.Supp.1988 § 753.

3. 47 O.S.1981 § 6–204(C).

4. See also, 47 O.S. § 6–117(d).

5. 47 O.S. § 6–205(A)(2); 47 O.S. § 6–205.1(a)(4).

MANDED for further proceedings not inconsistent herewith.

GARRETT, P.J., and ADAMS, J., concur.