1998 OK CIV APP 20

1998 OK CIV APP 20

**Robert Lee CRAWFORD, Plaintiff/Appellee,**

v.

**STATE of Oklahoma ex rel., DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellant.**

No. 90234.

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 10, 1998.

Blair Easley, Jr., Oklahoma City, for Defendant/Appellant.

*OPINION*

HANSEN, Judge:

¶1 Pursuant to the implied consent law, 47 O.S.1991 § 751 et. seq., the Department of Public Safety (DPS) suspended the Texas driver's license of Plaintiff, Robert Lee Crawford for 180 days, commencing September 21, 1997, for failure to consent to testing after being stopped by the Highway Patrol allegedly for driving under the influence of alcohol. Upon his request for hardship modification in the district court, DPS challenged the trial court's jurisdiction to modify the order. The trial court found it had jurisdiction and allowed the hardship modification. DPS appeals to this Court.

¶2 Crawford did not file a response to the petition in error. Accordingly, the Supreme Court ordered the appeal to proceed on DPS's brief only. As a general rule, where failure to file the answer brief is unexcused, we will reverse the appealed judgment if the brief in chief reasonably supports Appellant's allegations. *Fleet Real Estate Funding v. Frampton,* 1991 OK CIV APP 32, 812 P.2d 416. However, reversal is never automatic on Appellee's failure to file a brief. If the record does not support the allegations of error, the trial court's judgment will be affirmed. *Hamid v. Sew Original,* 1982 OK 46, 645 P.2d 496.

¶3 In its appellate brief, DPS sets forth a single allegation of error. It claims the trial court was without jurisdiction to modify the revocation of a foreign license held by a non-resident, not employed in Oklahoma. The journal entry reflects DPS's agreement to the terms of the modification if indeed the trial court did not err in assuming jurisdiction. DPS cites 47 O.S.1991 § 6–202 dealing with suspending privileges of non-residents and reporting convictions. Clearly, under this statute, DPS is correct in its position that Oklahoma can take action

against a non-resident for violations of traffic laws. The main thrust of DPS's argument is that because the statute is silent as to modification and appeal, no such modification or appeal is permitted to a non-resident. It points out other sections of title 47 dealing with actions against driving privileges all contain a right of appeal. DPS merely argues "the absence of an appellant mechanism in § 6–202 obviously shows a legislative intent that none should exist, especially in view of such mechanisms in other, similar statutes." However, DPS does not cite us to any decisions where the courts of this state have held it may treat driving privileges of non-residents any differently than those of its residents.

47 O.S.1997 Supp. § 6–211 provides in pertinent part:

A. *Any person* denied a license, or whose license has been canceled, suspended or revoked by the Department, except where such cancellation, denial or revocation is mandatory, under the provisions of Section 6–205 of this title, shall have the right to file a petition in the district court as hereinafter provided. The district court is hereby vested with original jurisdiction to hear said petition, except that in case of an appeal from a driver license revocation under the implied consent laws as provided in Sections 753 and 754 of this title, the court is hereby vested with appellate jurisdiction and shall hear said petition de novo. (emphasis supplied)

. . .

Subsection H. also provides:

In the event the Department declines to modify a revocation order issued pursuant to Section 753, 754, paragraph 2 of subsection A of Section 6–205 or Section 76–205.1 of this title, a petition for modification may be included with the appeal or separately filed at any time, and the district court may, in its discretion, modify the revocation as provided for in Section 755 of this title.

Section 6–211 does not exclude availability of the appeal process for an out of state resident. None of the mentioned exceptions in § 211 apply to revocations and modifications arising from the implied consent law, 47 O.S. 1991 §§ 753, 754.

¶4 DPS correctly states that when a general statute conflicts with a special statute, the special statute controls. However, we do not find a conflict between the statutes simply because § 6–211 does not address modifications or appeals.

¶5 We hold the brief of DPS does not reasonably support its allegations the trial court has no jurisdiction to hear an appeal from revocation of a drivers' license issued in another state.

AFFIRMED.

BUETTNER, P.J., and ADAMS, J., concur.