2001 OK CIV APP 57

**BANK ONE, OKLAHOMA, N.A., Successor In Interest to Bank One, Oklahoma City, Plaintiff,**

**v.**

**Patricia E. TANNER, A Single Person, Oklahoma County Treasurer and Board of County Commissioners of Oklahoma County, Defendants,**

**and**

**G.F. Mortgage Corporation, Defendant/Appellee,**

**and**

**Out West Investments, L.L.C., Appellant.**

**No. 94,450.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Jan. 30, 2001.

Certiorari Denied April 16, 2001.

Teresa W. Marianos, Mark J. Peregrin, Shapiro, Marianos & CEJDA, L.L.P., Oklahoma City, OK, for Defendant/Appellee.

Pat Garrett, Edmond, OK, for Appellant.

GOODMAN, P.J.:

¶ 1 This is Appellant Out West Investment, L.L.C.'s (Buyer) appeal from the trial court's February 25, 2000, order denying a request to confirm a sheriff's sale of certain encum-

bered property to satisfy a lien. Based upon our review of the facts, record, and applicable law, we affirm.

## FACTS

¶ 2 Patricia Tanner (Mortgagor) executed an $11,000 promissory note and a mortgage on certain Oklahoma County real property on March 8, 1996, in favor of Bank One, Oklahoma City, now Bank One, Oklahoma, N.A. (Bank One). On March 11, 1996, Mortgagor executed a second promissory note for $41,000 and a second mortgage in favor of G.F. Mortgage Corporation, pledging the same real property. Mortgagor defaulted on the first promissory note, and Bank One filed a petition November 20, 1998, seeking to collect the promissory note and foreclose the mortgage it held on the real property. It sought to have its lien declared superior to all others. Bank One's petition named G.F. Mortgage as a party defendant.

¶ 3 G.F. Mortgage, through its assignee, Harris Trust and Savings Bank (Harris Trust), answered Bank One's petition, and requested that the trial court establish the priority of the liens held by it and Bank One. It did not allege Mortgagor was in default on the promissory note held by Harris Trust.

¶ 4 A Journal Entry of Judgment was filed September 21, 1999, containing the trial court's findings of fact and conclusions of law. The trial court found that Mortgagor was in default on her promissory note to Bank One, and was in default as to Bank One's suit against her. The trial court found Mortgagor had filed for bankruptcy protection, but the trial court was now able to dispose of the real property because the automatic bankruptcy stay had been lifted. The trial court found Bank One to have a superior lien on the subject real property, and ordered the real property sold at a sheriff's sale to satisfy Bank One's promissory note. The court found Harris Bank and Trust had a second, inferior lien on the property.

¶ 5 The property, appraised at $50,000, was sold at a sheriff's sale November 9, 1999, to appellant Out West Investments, L.L.C. (Buyer) for $33,750, an amount sufficient to satisfy Bank One's lien, but not all of Harris Bank's. Bank One filed a request to confirm the sheriff's sale.

¶ 6 On November 19, 1999, prior to the confirmation of the sheriff's sale, Harris Trust filed a motion to redeem the property from foreclosure. Harris Trust tendered the amount of Bank One's lien.

¶ 7 On December 3, 1999, Buyer filed a response to Harris Trust's motion to redeem and objected to the redemption on the grounds that a junior lien holder, while generally entitled to redeem encumbered property, may not do so when the encumbered property is being sold to satisfy the lien held by the junior lienholder itself.

¶ 8 The trial court, in an order filed February 25, 2000, denied Bank One's motion to confirm the sheriff's sale, granted Harris Trust's motion to redeem, voided the sheriff's sale, ordered Harris Trust to pay Bank One the amount due it under its promissory note, and ordered the return of Buyer's deposit it had tendered at the sheriff's auction. Bank One later sold the judgment in its favor to Harris Trust.

¶ 9 Buyer appeals, claiming the trial court erred when it refused to confirm the sheriff's sale in favor of Buyer, and when the trial court permitted Harris Trust to redeem the encumbered property.

## ANALYSIS

¶ 10 Buyer first argues Harris Trust's motion to redeem was untimely because the property had already been sold at a sheriff's sale. We disagree.

¶ 11 Title 42 O.S.1991 § 18, states, in relevant part:

Every person having an interest in property subject to a lien, has a right to redeem it from the lien, *at any time after the claim is due, and before his right of redemption is foreclosed.* (Emphasis added.)

¶ 12 Title 42 O.S.1991 § 19, states:

One who has a lien, inferior to another upon the same property, has a right:

1. To redeem the property in the same manner as its owner might, from the superior lien; and,

2. To be subrogated to all the benefits of the superior lien when necessary for the protection of his interests, upon satisfying the claim secured thereby.

¶ 13 The sale of the real property was not final until confirmed by the trial court. *State ex rel. Comm'rs of Land Office v. Schneider,* 1947 OK 194, 181 P.2d 975. Until confirmation, a lienholder has the right to redeem the property at any time until the right to redemption is foreclosed by the confirmation of the sheriff's sale. 42 O.S.1991 § 19. Thus, Harris Trust's motion to redeem, filed after the sheriff's sale, but before its confirmation by the trial court, was timely.

¶ 14 Buyer next contends that Harris Trust cannot redeem the encumbered property because, though Harris Trust is an inferior lien holder, the sheriff's sale was done in order to satisfy the liens of Bank One and Harris Trust. Thus, Buyer concludes Harris Trust was no longer a lien holder, but a judgment creditor, and cannot therefore redeem the very property being sold to satisfy its judgment under § 19.

¶ 15 Contrary to Buyer's characterization, Harris Trust was not foreclosing its own mortgage. It was a party defendant to Bank One's foreclosure suit, and while it executed the trial court's order establishing the priority and amount of Bank One's lien and that of its own, nevertheless, Harris Trust was not foreclosing on its own mortgage. This is so for the simple reason that, as far as we can discern from this record, Harris Trust never obtained a judgment that Mortgagor was in default of the promissory note given to Harris Trust. Until Harris Trust obtains a judgment that Mortgagor was in default on the promissory note secured by the mortgage held by Harris Trust, Harris Trust could not compel the sale of the encumbered real property by foreclosing its mortgage. Harris Trust's sole reason for participation in Bank One's foreclosure suit, in which Bank One had obtained a judgment on its promissory note, was to establish, and thus protect, the exact amount of Bank One's interest vis a vis its own interest. Buyer's argument that Harris Trust could not redeem the property sold to satisfy the debt owed to it is thus without merit.

¶ 16 The standard of review of a motion to confirm a sheriff's sale is abuse of discretion. *Drummond v. James,* 1931 OK 263, 658, 300 P. 658, *Fleet Real Estate Funding Corp. v. Frampton,* 1991 OK CIV APP 32, 812 P.2d 416. Under the circumstances set out above, we find no abuse of discretion. The trial court's February 25, 2000, order is affirmed.

¶ 17 AFFIRMED.

¶ 18 REIF, V.C.J., and COLBERT, J., concur.