2002 OK CIV APP 53

**Aaron L. WILLIAMS, Plaintiff/Appellee.**

v.

**STATE of Oklahoma, ex rel, DEPART-MENT OF PUBLIC SAFETY, Defendant/Appellant.**

No. 96,986.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 15, 2002.

Charles Stanley Schindler, Oklahoma City, for Plaintiff/Appellee.

Joseph A. Claro, Department of Public Safety Oklahoma City, OK, for Defendant/Appellant.

Carol M. Hansen, Presiding Judge.

¶1 Appellant, Department of Public Safety (Department), brings this appeal from the trial court's judgment modifying Department's revocation of Appellee, Aaron Williams' (Williams) driving privilege.[1] We find the trial court's judgment is based on an impermissible collateral attack on a previous final revocation and reverse.

¶2 The facts are undisputed. Williams was arrested for driving under the influence of intoxicants on December 29, 2000. He agreed to a breath-alcohol test which revealed an alcohol concentration of 0.10 or more. Williams' driver's license was revoked by Department upon receipt of his test results. Williams requested an administrative hearing on the revocation. Department's hearing officer sustained the revocation.

¶3 Williams then petitioned the district court for "modified driving privileges" in accordance with 47 O.S. Supp.2000 § 755. Section 755 authorizes the district court to modify a revocation upon determination the licensee has no other adequate means of transportation, but such authority is subject to the limitations of 47 O.S. Supp.2000 § 6–205.1. Department asserted at trial, and

1. Appellee did not file a response to Appellant's Petition in Error and waived his right to file a brief in response to Appellant's Brief in Chief. Review is therefore limited to Appellant's contentions in its Brief in Chief. As a general rule, where failure to file the answer brief is unexcused, we will reverse the appealed judgment if the brief in chief reasonably supports Appellant's allegations. *Crawford v. State ex rel. Dept. of Public Safety,* 1998 OK CIV APP 20, 955 P.2d 758.

again here, that the statutory bar on modification found in § 6–205.1(A)(2) applies here because its records reflected Williams had a prior revocation within five years of the date of arrest leading to the present revocation.

¶ 4 Section 6–205.1(A)(2) provides:

A revocation pursuant to paragraph 2 of subsection A of Section 6–205, or to Section 753 or 754 of this title shall be for a period of one (1) year if within five (5) years preceding the date of arrest relating thereto, a prior revocation commenced pursuant to paragraph 2 or 6 of subsection A of 6–205, or to Section 753 or 754 of this title as shown by the Department's records. *Such period shall not be modified,* . . . (Emphasis added).

¶ 5 In the latest instance, Williams driving privilege was revoked pursuant to § 754 upon Department's receipt of the report he had an alcohol concentration in excess of 0.10. Department's records pertaining to Williams driving history were admitted at trial as Defendant's Exhibit 1. Those records showed, *inter alia,* that [1] on August 22, 1997, Williams was convicted in Oklahoma of driving under the influence of alcohol, [2] on October 27, 1997, his driver's license was revoked by Department because of the foregoing conviction, and [3] the revocation was not appealed and is final.

¶ 6 The trial court nonetheless found Section 6–205.1(A)(2) inapplicable. The court's rationale is set out in its judgment as follows:

The Court further finds that Defendant's Exhibit 1 reflects that though the arrest and conviction incident to the revocation relied on by the Defendant as the predicate or initial revocation commenced within 5 years preceding the arrest incident to the immediate revocation, references indeed a "DUI" conviction, it also references a DPS [Department] finding or determination that the Officer's Affidavit is either insufficient or incomplete; therefore, this Court holds that without a sufficient or complete Officer's Affidavit concerning the arrest incident to the prior revocation, there could have been no valid prior conviction for Driving under the Influence of Intoxicants, irrespective of the fact that the DPS records reflect such a conviction.

This is so because the invalidity of the arresting officer's affidavit would have precluded its introduction into evidence in the criminal DUI case, and it would be impossible to obtain such a conviction without such a document being introduced into evidence.

¶ 7 Based on its stated rationale, the trial court found the one year accelerated and unmodifiable revocation in § 6–205.1(A)(2) inapplicable. The trial court instead "corrected" the revocation to a period of six months, as would be the case where there was no prior revocation within five years under § 6–205.1(A)(1). Department brings this appeal from the trial court's judgment. We find the trial court's determination is grounded on a clearly impermissible collateral attack on the final 1997 conviction and revocation. *Hodges v. State,* 1991 OK CIV APP 96, 827 P.2d 176.

¶ 8 The facts in *Hodges* are similar to those here. There, the trial court, which in fact was the same as here, refused to admit Department's evidence of two prior revocations. The trial court ruled that neither Hodges' deferred sentence on his first arrest, nor his bond forfeiture on the second, constituted "convictions" under the statute authorizing a three year revocation where there were two previous revocations. The evidence in *Hodges* was, as it is here, Department's uncontroverted records.

¶ 9 The Court of Civil Appeals in *Hodges* found the trial court erred in refusing Department's proffered records. The *Hodges* Court held, contrary to the trial court's findings, the records were admissible, and that Hodges had improperly sought to attack the validity of the two previous arrests and revocations. The Court went on to note:

. . ., we find the validity of both of Hodges' previous revocations beyond the reach of the current proceedings, Hodges having failed to timely object or request review thereof in 1985. To allow Hodges to now escape the mandatory revocation period imposed by 47 O.S. § 6–205.1 by evidentiary objection, in our opinion, amounts to nothing more than an impermissible collateral attack on his previous revocations, a

course of action we will neither condone nor permit.

¶10 The trial court in the present matter has again based its determination on such a collateral attack as was found impermissible in *Hodges*. The record establishes the 1997 conviction and revocation were final long before Williams' most recent arrest. Even assuming Department's 1997 determination—that the arresting officer's affidavit was somehow insufficient—was in any way applicable to the DUI conviction, Williams took no timely action to assert that theory. He lost any right to attack the 1997 conviction long ago.

¶11 Department's records were properly admitted and document Williams' final 1997 conviction of driving under the influence of alcohol. Under 47 O.S. Supp.1996 § 205(A)(2), revocation of driving privileges was mandatory for such a conviction. The 1997 revocation provided the requisite prior revocation under § 205.1(A)(2). The Legislature has mandated that revocations pursuant to § 205.1(A)(2) "shall not be modified."

¶12 Use of "shall" by the Legislature is normally considered a legislative command. *Comerford v. Pryor Foundry,* 1999 OK CIV APP 82, 987 P.2d 434. We find nothing in § 205.1(A)(2) to suggest the Legislature intended to afford district courts any discretion under the circumstances set out therein. The trial court erred, as a matter of law, in modifying Williams' revocation. The trial court's judgment is therefore REVERSED, and this matter is REMANDED. The trial court is instructed to enter judgment in favor of Department.

¶13 ADAMS, J., and MITCHELL, J., concur.