■ TRINITY CONSTRUCTION, INC., Appellant, v JOHN R. MOTT, INC., Respondent.—Kane, J. Appeal from an order of the Supreme Court (McDermott, J.), entered October 23, 1987 in Albany County, which denied plaintiff's application to compel, *inter alia,* defendant to accept early payment of a loan made by defendant to plaintiff.

The facts of this case are not in dispute. In 1985, defendant loaned plaintiff $120,000 to be used to purchase a 1982 Caterpillar tractor/bulldozer and a 1982 Caterpillar wheel-loader. An annual interest rate of 11¾% was agreed upon with payments to be made in 63 monthly installments. UCC financing statements signed by both parties were duly filed *(see,* UCC 9-402). A promissory note was also signed by plaintiff. After approximately two years, plaintiff sought to pay the balance of the debt and obtain termination statements under the UCC *(see,* UCC 9-404 [1]). Defendant refused this offer because plaintiff sought to pay only the principal balance due

and not the future interest charges. As a result, plaintiff moved by order to show cause requesting, *inter alia,* that defendant be required to accept payment of the principal balance of the loan. After a hearing, Supreme Court denied plaintiff relief and this appeal ensued.

We affirm. In support of its argument that it may prepay the loan without the remaining interest charges, plaintiff points to several statutory provisions that specifically permit a party to prepay debts without penalty. However, none of the cited provisions are applicable to this case. General Obligations Law § 5-501 (3) (b) involves mortgages and secured interests in stock. Personal Property Law §§ 305 and 408 relate to retail installment contracts. Banking Law § 108 (4) (e); (5-a), (6) and § 235 (8) (4) (d) involve banks and trust companies, of which defendant is neither. Finally, UCC 3-604 specifically applies to matured debts and here plaintiff tendered payment prior to its due date. Furthermore, plaintiff has failed to set forth any reason to permit prepayment without penalty in this case when such has not been provided for by statute. Accordingly, we adhere to the stated proposition that: "A security agreement is subject to the general rule that under a contract to pay money with interest the creditor cannot be compelled to accept payment in advance of the date which the agreement sets for payment" (53 NY Jur, Secured Transactions, § 239, at 622-623 [1967]).

Plaintiff next claims that it did not sign any security agreement and therefore defendant has no enforceable security interest. We disagree. A security agreement is defined as "an agreement which creates or provides for a security interest" (UCC 9-105 [1] *[l]).* Here, plaintiff signed a promissory note as well as two financing statements; however, the usual preprinted standard form "security agreement" was not executed. Nevertheless, a preprinted form is not required. For a valid security agreement to exist it should name the parties, disclose an intent to create a security interest and describe the collateral *(see,* 53 NY Jur, Secured Transactions, § 122, at 426-427 [1967]; *see also,* UCC 9-110). It should also be signed by the debtor *(see,* UCC 9-203 [1]). A financing statement does not qualify *(see,* 53 NY Jur, Secured Transactions, § 105, at 385 [1967]). However, in our view, the promissory note in this case meets the necessary requirements. It was signed by plaintiff, named the parties, contained a description of the collateral and specifically stated that it was to "secure the transfer" of the collateral *(see,* White and Summers, Uniform Commercial Code § 23-3, at 906-907 [2d ed]). It was, therefore,

a valid security agreement. That being the case, Supreme Court properly determined that defendant could not be compelled to accept prepayment by plaintiff of the principal only.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.