■ ACSTAR INSURANCE COMPANY, Appellant, v TETON ENTER-PRISES, INC., et al., Respondents. [670 NYS2d 588] —In an action to recover damages for breach of an indemnity agreement, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered June 18, 1997, which denied its motion for partial summary judgment.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff issued a performance bond in the amount of $105,000, with the defendant Teton Enterprises, Inc. (hereinafter Teton) as principal, the plaintiff as surety, and the Town of Westbrook, Connecticut (hereinafter the Town) as obligee. The bond was to insure certain public improvements at a site known as "Phase-I of Beechtree Estates Subdivision". The individual defendants David B. Chase and Ann L. Chase executed an indemnification agreement in favor of the plaintiff in connection with the performance bond.

It is undisputed that in April 1995 Empire Paving, Inc. (hereinafter Empire), ceased work on the project due to Teton's inability to pay. In April 1996 the Town notified the plaintiff that if the improvements were not completed by July 15, 1996, it would demand payment under the bond. Thereafter, the Town did demand payment of $104,000 under the bond, and the plaintiff paid. The plaintiff then exercised its rights under the bond and had a $60,000 certificate of deposit assigned to it from the defendant David B. Chase. The plaintiff then sought payment of the remaining $44,000 from the defendants. When the defendants failed to pay, the plaintiff commenced the present action and moved for partial summary judgment. In opposition to the plaintiff's motion, the defendants argued that the improvements could have been completed for $77,500, the amount left to be paid under the contract with Empire. The court denied the plaintiff's motion, finding that issues of fact existed regarding the reasonableness of the plaintiff's payment of the $104,000. We now reverse.

The indemnity agreement between the plaintiff and the individual defendants states: "[i]n the event of payments by the Surety, the Indemnitors agree to accept the voucher of the Surety or other evidence of such payments as prima facie evidence of the propriety thereof, and of the Indemnitor's liability therefor to the Surety". Such contractual arrangements have been upheld, and payments made by sureties under such provisions are scrutinized only for good faith and reasonableness as to amount paid (see, International Fid. Ins. Co. v Spadafina, 192 AD2d 637, 639).

There is no evidence here of bad faith by the plaintiff, and the plaintiff's payment of $104,000 is prima facie evidence of the propriety of such payment. The defendants' assertion that Empire would have completed the work for $77,500 is speculative and conclusory. It is not at all clear that the contract with Empire covered all of the improvements remaining to be completed under the bond. In any event, there is no evidence that Empire was still obligated under the construction contract, which ceased when Teton failed to pay. Nor is there any evidence that Empire, or anyone else, was willing to complete the work for less than $104,000 at the time the Town demanded payment under the bond. At that time, Empire had ceased work for nonpayment more than a year earlier, and the defendants' assertion that Empire would have completed the work under the terms of the prior contract is pure speculation. The defendants did not submit an affidavit from anyone at Empire indicating its willingness to have completed the work under the terms of the defunct contract. Thus, the defendants failed to raise a triable issue of fact regarding the reasonableness of the payment made by the plaintiff, and the plaintiff's motion for partial summary judgment should have been granted. O'Brien, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.