**FEDERAL FINANCIAL CO., Appellant,**

v.

**Rodolfo DELGADO and Diana Delgado, Appellees.**

No. 13–98–265–CV.

Court of Appeals of Texas, Corpus Christi.

July 29, 1999.

Rehearing Overruled Sept. 16, 1999.

---

**25.** *See Fisher v. State,* 887 S.W.2d 49, 57 (Tex.Crim.App.1994).

Andrew K. Rozell, Harlingen, for appellant.

Israel Ramon, Jr., Robert D. Ralston, Law Offices of Israel Ramon, Jr., McAllen, for appellee.

Before Chief Justice SEERDEN and Justices YAÑEZ and CHAVEZ.

## O P I N I O N

Opinion by Justice CHAVEZ.

This is an appeal from a "no evidence" summary judgment granted in favor of the appellees, Rodolfo and Diana Delgado, on a claim brought against them by appellant Federal Financial Company (Federal) for enforcement of a promissory note. We reverse the summary judgment and remand for further proceedings.

On December 18, 1988, the Delgados signed a promissory note for $65,000 payable to Hidalgo Federal Savings and Loan Association, secured by a deed of trust lien on real property. In 1990, Hidalgo Federal Savings and Loan went into receivership with the Resolution Trust Corporation, and was closed in 1992. According to the Delgados, they wanted to pay the full remaining balance on the note at that time. They explained their intentions to Hidalgo Federal Savings and Loan and the Resolution Trust Corporation and made several attempts with both institutions to ascertain the exact balance and to whom payment should be sent. However, they were unable to determine these matters, and made no further payments.

In November 1995 Federal sent a letter to the Delgados informing them that it was the current owner and holder of the note, that the full amount of interest and principal was due, and that it would foreclose on the property if the Delgados did not make payment. The Delgados petitioned the district court to enjoin the foreclosure, and Federal counterclaimed for the amount of the debt. Both parties filed motions for summary judgment. The Delgados' motion argued, among other things, that there was no evidence that Federal was the owner or holder of the note, no evidence that the note had been properly indorsed or negotiated to Federal, nor any evidence of how Federal acquired possession of the note; therefore, Federal was not entitled to recover on the note. The Delgados' motion also argued that the affirmative defenses of laches and tender of full payment were established as a matter of law. The trial court rendered summary judgment that Federal take nothing from the Delgados.

On appeal, Federal argues that its summary judgment evidence showed that an allonge had been affixed to the note, providing sufficient evidence that the note had been indorsed and negotiated to Federal to defeat the Delgados' "no evidence" summary judgment. Federal also contends that it produced evidence of assignment of the note to it by the previous owner and holder of the note, the Resolution Trust Corporation. They also contend that the Delgados failed to prove as a matter of law their affirmative defenses of laches and tender of payment.

The standard of review in a summary judgment case is well-established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Summary judgment may be granted where, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S. & G.W.,* 858 S.W.2d 374, 380 (Tex.1993).

### Federal's Affidavits

Federal filed a motion for summary judgment and a response to the Delgados' motion for summary judgment. Attached to each was an affidavit from a Federal employee asserting that copies attached to the motion were true and correct copies of the original documents, and describing certain factual events. The Delgados argue that these affidavits are without effect, and therefore Federal has failed to present any summary judgment evidence, because the affidavits failed to state unequivocally that they were based on personal knowledge and that the matters stated in the affidavits were true and correct.

■ An affidavit which does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally invalid. *Humphreys v. Caldwell,* 888 S.W.2d 469, 470 (Tex.1994). An affidavit that states that it is based on "personal knowledge and/or knowledge acquired upon inquiry" does not unequivocally show that it is based on personal knowledge, and therefore can not serve as evidence. *Id.* at 470–71. However, where the affidavit does not specifically recite that the facts set forth there are true, but does set out that it is based on personal knowledge and is subscribed to and sworn before a notary public, it is not defective if, when considered in its entirety, its obvious effect is that the affiant is representing that the facts stated therein are true and correct. *Franks v. Brookshire Bros., Inc.,* 986 S.W.2d 375, 378 (Tex.App.—Beaumont 1999, no pet. h.); *Lang v. City of Nacogdoches,* 942 S.W.2d 752, 760 (Tex.App.—Tyler 1997, writ denied); *Huckin v. Connor,* 928 S.W.2d 180, 183 (Tex.App.—Houston [14th Dist.] 1996, writ denied); *Connor v. Waltrip,* 791 S.W.2d 537, 539 (Tex.App.—Dallas 1990, no writ); *BC & S Constr., Inc. v. Action Elec. Co.,* 753 S.W.2d 841, 843 (Tex.App.—Fort Worth 1988, no writ); *Gutierrez v. Hachar's Dep't Store,* 484 S.W.2d 433, 435 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.); *but see Rodriquez v. Texas Farmers Ins. Co.,* 903 S.W.2d 499, 507 (Tex.App.—Amarillo 1995, writ denied) (affidavit which did not contain averment of truth of facts stated was properly excluded from consideration). Also, a properly sworn affidavit stating that attached documents are true and correct copies of the originals authenticates the copies so that they may be considered as summary judgment evidence. *Republic Nat'l Leasing Corp. v. Schindler,* 717 S.W.2d 606, 607 (Tex.1986).

■ Attached to both Federal's motion for summary judgment and its response to the Delgados' motion were affidavits from Federal employees which describe certain factual events and seek to authenticate copies of documents attached as exhibits. Both affidavits are properly sworn and

state that the affiant has "full personal knowledge" of the matters stated in the affidavit and that copies of certain documents are "true and correct" copies of the originals. Therefore, the copies of the documents may be considered as evidence. *Id.*

■ The affidavits do not specifically state that the facts disclosed in the affidavit are true. However, the affidavits do state that they are based on personal knowledge, are subscribed to and sworn before a notary public, and, when considered in their entirety, the obvious effect is that the affiants are representing that the facts stated therein are true and correct. Therefore, we find no defect in the affidavits and consider them valid summary judgment evidence.

### The Allonge

■ Federal argues that an allonge attached to the note shows proper indorsement of the note from the "Resolution Trust Corporation as Receiver for Hidalgo Federal Savings and Loan Association." Federal attached a copy of the note and the allonge to both its motion for summary judgment and its response to the Delgados' motion for summary judgment. Federal's affidavits state that the allonge was stapled to the original note.

■ The rights of the parties are governed by the Uniform Commercial Code as codified in the Texas Business and Commerce Code prior to the 1995 amendments.[1] With certain exceptions, a transferee of an instrument receives whatever rights his transferor has. Act of May 25, 1967, 60th Leg., R.S., ch. 785, § 1, 1967 Tex. Gen. Laws 2343, 2416 (formerly TEX.

Bus. & COM.CODE § 3.201(a), now § 3.203(b)). If the transferee is a holder, he is entitled to recover on the instrument when the signatures are admitted or established unless the defendant establishes a defense. *Id.* at 2422 (formerly TEX. Bus. & COM.CODE § 3.307, now § 3.308). If the transferee is not a holder, he is not aided by the statute and must prove the rights of his transferor and any prior transferors. A transferee cannot be a holder unless the instrument is negotiable. *Id.* at 2417 (formerly TEX. Bus. & COM.CODE § 3.202(a), now § 3.201(a)). For an instrument to be negotiable, former section 3.202(b) required that any indorsements must be written "on the instrument or on a paper so firmly affixed thereto as to become a part thereof." *Id.* Stapling an allonge to a note satisfies the "so firmly affixed thereto as to become a part thereof" requirement. *Southwestern Resolution Corp. v. Watson*, 964 S.W.2d 262, 264 (Tex.1997).

■ An allonge is a piece of paper annexed to a negotiable instrument or promissory note, on which to write endorsements for which there is no room on the instrument itself. BLACK'S LAW DICTIONARY 76 (6th ed.1990). The general rule under the law in effect for this case is that an allonge may be used only when there is not adequate space on the instrument for an indorsement.[2] *Crossland Sav. Bank FSB v. Constant*, 737 S.W.2d 19, 21 (Tex. App.—Corpus Christi 1987, no writ); *see also* 4 WILLIAM D.HAWKLAND & LARRY LAWRENCE, HAWKLAND UNIFORM COMMERCIAL CODE SERIES § 3–202:05 (1998). When space exists for further indorsements, a purchaser is not put on notice that there may have been an indorsement on a sepa-

---

1. The 1995 Act amending this part of the Business and Commerce Code stated "An action or proceeding that is commenced or a right that accrues before the effective date of this Act is governed by the law in effect on the date the action or proceeding commenced or the right accrued, and that law is continued in effect for that purpose." The effective date of the act is January 1, 1996. Act of June 16, 1995, 74th Leg., R.S., ch. 921 § 9(b), 1995

Tex. Gen. Laws 4582, 4643. In this case, Federal claims rights under the note that accrued prior to January 1, 1996.

2. The 1995 amendments changed this rule. Comment one to the current version of section 3.204 states "An indorsement on an allonge is valid even though there is sufficient space on the instrument for an indorsement."

rate paper. HAWKLAND & LAWRENCE, *supra* § 3–202:05.

The copy of the note in this case consists of two pages. We are unable to determine whether the copies are of the front and back of one sheet of paper, or represent the front sides of two sheets of paper. The second page of the copy contains approximately five inches of blank space on the bottom of the paper. The printing on the allonge is approximately four and one-half inches long, and the type on the allonge is much larger than the type on the note. We conclude that there was adequate space on the note for an indorsement, and, consequently, an allonge could not be used. Without valid indorsement, Federal has the status of a "transferee," and not the status of a holder in due course.

### Proving the Transaction

■ Federal contends that, even if the allonge were faulty, the affidavits it submitted nevertheless established its entitlement to the note by proving the transaction through which it acquired the note. In the absence of supporting documentation, a transferee may still establish its entitlement to enforce a note by proving the transaction through which the note was acquired. Act of May 25, 1967, 60th Leg., R.S., ch. 785, § 1, 1967 Tex. Gen. Laws 2343, 2416–17 (formerly TEX. BUS. & COM.CODE § 3.201(c) cmt. 8, now § 3.203(b) cmt. 2); *First Gibraltar Bank, FSB v. Farley,* 895 S.W.2d 425, 428 (Tex. App.—San Antonio 1995, writ denied); *Lawson v. Finance Am. Private Brands, Inc.,* 537 S.W.2d 483, 485 (Tex.Civ.App.—El Paso 1976, no writ).

■ Federal attached several documents to its motion for summary judgment and response to the Delgados' motion for summary judgment. These documents prove the transfer of the note from Hidalgo Federal Savings & Loan to the Resolution Trust Corporation and then to Federal. The transfer to Federal is documented by a "Loan Sale Agreement" and a "Bill of Sale and Assignment of Loans" which describe and set terms for the sale of various loans held by Hidalgo Federal Savings & Loan to Federal, and by an "Assignment of Mortgage or Beneficial Interest in Deed of Trust," which specifically states that the Resolution Trust Corporation "does hereby grant, bargain, sell, assign, transfer, and convey ... all of Assignor's right, title and interest" in the mortgage or deed of trust in question to Federal. We hold that Federal presented summary judgment evidence that proved the transaction through which it acquired the note.

■ The Delgados maintain that, because Federal stands as a transferee and not as a holder in due course, Federal is subject to any defenses they may have against previous holders of the note. Specifically, the Delgados assert the affirmative defenses of laches and tender of payment. A party seeking to enforce a note who is not a holder in due course is subject to all defenses which would be available in an action on a simple contract. Act of May 25, 1967, 60th Leg., R.S., ch. 785, § 1, 1967 Tex. Gen. Laws 2343, 2422, (formerly TEX. BUS. & COM.CODE § 3.306(2), now § 3.306).

■ A party asserting laches must show (1) unreasonable delay by one having legal or equitable rights in asserting them; and (2) a good faith change of position by another to his detriment because of the delay. *Caldwell v. Barnes,* 975 S.W.2d 535, 538 (Tex.1998). To satisfy the second element, the Delgados refer to affidavits from themselves and an employee of Hidalgo Federal Savings & Loan, which establish that the Delgados wanted to pay the full balance due on the note in 1992 and 1993. These affidavits do not contain any evidence of any detrimental change in position by the Delgados. Without a showing of any prejudice, the Delgados' defense of laches fails, and the trial court was not authorized to grant summary judgment based on laches.

The Delgados also contend that their attempts to make full payment on the note in 1992 and 1993 constitute a "tender of payment," which discharges their obligation under the note. The relevant statute provides:

Section 3.604. Tender of Payment

(a) Any party making tender of full payment to a holder when or after it is due is discharged to the extent of all subsequent liability for interest, costs and attorney's fees.

(b) The holder's refusal of such tender wholly discharges any party who has a right of recourse against the party making the tender.

(c) Where the maker or acceptor of an instrument payable otherwise than on demand is able and ready to pay at every place of payment specified in the instrument when it is due, it is equivalent to tender.

Act of May 25, 1967, 60th Leg., R.S., ch. 785, § 1, 1967 Tex. Gen. Laws 2343, 2437–38, (formerly TEX. BUS. & COM.CODE § 3.604, now § 3.603).

Federal contends that this statute does not apply because the Delgados never actually delivered money to anyone in payment of the debt, and because the statute only applies "when or after" the note is due, whereas the Delgados made their oral offers to pay before the full balance was due. We agree.

 A "tender" requires not merely the readiness, ability, and an offer to make payment, but also actually producing the money to be paid. *Penny v. Kelley*, 528 S.W.2d 330, 332 (Tex.Civ.App.—Beaumont 1975, no writ); *Fleet Real Estate Funding Corp. v. Frampton*, 812 P.2d 416, 418 (Okla.Ct.App.1991); HAWKLAND & LAWRENCE, *supra* § 3–604:03. Furthermore, a party may not be excused from its obligation on a note under the "tender of payment" doctrine when tender is made before the note is due. *Trinity Constr., Inc. v. John R. Mott, Inc.*, 145 A.D.2d 720, 534 N.Y.S.2d 838 (1988); *Kohlenberg v. American Plumbing Supply Co.*, 82 Wis.2d 384, 263 N.W.2d 496, 502 (1978); HAWKLAND & LAWRENCE, *supra* § 3–604:03. Unless the loan agreement provides otherwise, the borrower does not have a right to prepay the loan. *Groseclose v. Rum*, 860 S.W.2d 554, 557 (Tex.App.—Dallas 1993, no writ); *Ware v. Traveler's Indem. Co.*, 604 S.W.2d 400, 401 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e). Because the holder has bargained for the right to receive interest during the term of the instrument, the holder has the right to refuse an offer of payment before the instrument is due. *Kohlenberg*, 263 N.W.2d at 502; HAWKLAND & LAWRENCE, *supra* § 3–604:01. We conclude that "tender of payment" was not a meritorious defense, and the Delgados were not entitled to summary judgment on that basis.

Having found no merit in any of the possible grounds for summary judgment, we reverse the summary judgment and remand to the trial court for further proceedings.