NUMBER 13-98-049 -CV

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



MARIA E. ANDRAE, Appellant, 



v.

 

HAGGAR APPAREL COMPANY, Appellee. 

___________________________________________________________________ 



On appeal from the 319th District Court

 of Nueces County, Texas.

 ___________________________________________________________________ 



O P I N I O N

 

Before Chief Justice Seerden and Justices Yañez and Chavez 



Opinion by Justice Yañez





 Appellant, Maria Andrae, appeals the dismissal of her suit against her former employer, Haggar Apparel Company
(Haggar). Andrae brought suit against Haggar under section 451.001 of the Texas Labor Code, alleging that she had been
fired in retaliation for reporting an on-the-job injury. Haggar filed a no-evidence motion for summary judgment pursuant to
Texas Rule of Civil Procedure 166a(i), which the trial court granted. Finding that Andrae submitted sufficient evidence to
withstand the summary judgment, we reverse and remand. 

 No-evidence summary judgments are the equivalent of pretrial directed verdicts; therefore the granting of a no-evidence
summary judgment is reviewed under the same legal sufficiency standard applied in reviewing directed verdicts. Zapata v.
The Children's Clinic, 997 S.W.2d 745, 747 (Tex. App.--Corpus Christi 1999, pet. filed)(citingMoore v. Kmart Corp., 981
S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet. denied); see also, Judge David Hittner and Lynne Liberato,Summary
Judgments in Texas, 34 Hous. L. Rev. 1303, 1356, (1998). When addressing an appeal from the granting of a no-evidence
summary judgment, the appellate court reviews the evidence: 

in the light most favorable to the respondent against whom the no-evidence summary judgment was rendered, disregarding
all contrary evidence and inferences. The trial court may not grant a no-evidence summary judgment if the respondent
brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. "Less than a scintilla of
evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of fact." On the
other 

hand, when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their
conclusions," it is more than a scintilla. 



Zapata, 997 S.W.2d at 747, (citations omitted). 

 In her first two issues, Andrae argues that the trial court erred in granting Haggar's summary judgment motion because
there was sufficient evidence to raise a question of material fact and thus defeat the motion. See Tex. R. Civ. P. 166a(i). 
The only evidence presented by Andrae to oppose Haggar's motion for summary judgment was her own affidavit.(1) Haggar
argues that Andrae's affidavit should be disregarded because the affidavit does not state that the statements it contains are
true.(2) 

 An affidavit is not necessarily defective because it fails to "specifically state that the facts disclosed in the affidavit are
true." Federal Fin. Co. v. Delgado, 1 S.W.3d 181, 185 (Tex. App.--Corpus Christi 1999, no pet.). An affidavit is valid
summary judgment evidence when it states it is based on personal knowledge, is "subscribed to and sworn before a notary
public, and when considered in [its] entirety, the obvious effect is that the [affiant is] representing the facts stated therein
are true and correct." Id. An affidavit is competent summary judgment evidence when it affirmatively shows that it is
based on the personal knowledge of the affiant and states facts in a form that would be admissible in evidence at a trial. 
See Tex. R. Civ. P. 166a(f); Brownlee v. Brownlee, 665 S.W.2d 111,112 (Tex. 1984); Huckin v. Connor, 928 S.W.2d 180,
183 (Tex. App.--Houston [14th Dist.] 1996, writ denied). Andrae's affidavit, which states that "all statements contained
herein are based on my own personal knowledge," was competent summary judgment evidence. Having determined that
the affidavit is competent evidence, we now look to see if the affidavit supports a cause of action under the Texas Labor
Code. 

 An employee may not be fired or discriminated against in any manner because the employee "filed a workers'
compensation claim in good faith." Tex. Lab. Code Ann. § 451.001(1) (Vernon 1996). Notifying an employer of an injury
is sufficient to invoke the protection of section 451.001. Borden, Inc. v. Guerra, 860 S.W.2d 515, 521 (Tex. App.--Corpus
Christi 1993, writ dism'd by agr.); Duhon v. Bone & Joint Physical Therapy Clinics, 947 S.W.2d 316, 318 (Tex.
App.--Beaumont 1997, no writ). A plaintiff must show a "causal connection between the workers' compensation claim and
the alleged wrongful termination." Borden, 860 S.W.2d at 522. If the claim contributed to the termination, the employee
can prevail even if the company had other reasons for terminating the employee. Id. "Proof of causation may be
established either by direct or circumstantial evidence and by the reasonable inferences from such evidence." Id. 

Circumstantial evidence sufficient to establish a causal link between termination and filing a compensation claim includes:
(1) knowledge of the compensation claim by those making the decision to on termination; (2) expression of a negative
attitude toward the employee's injured condition; (3) failure to adhere to established company policies; (4) discriminatory
treatment in comparison to similarly situated employees; and (5) evidence that the stated reason for the discharge was false. 



Continental Coffee Products v. Cazarez, 937 S.W.2d 444, 451 (Tex. 1996). Not taking an employee's injury seriously and
requiring the employee work while injured has also been considered as evidence of a wrongful termination. See Borden,
860 S.W.2d at 523. 

 According to Andrae's affidavit, after she reported her injury to her supervisors, they "exhibited acts of hostility and
intimidation towards me." She claims that her supervisors repeatedly denied her requests to see a doctor and refused to
release her from work to visit a doctor. Andrae states that following her injury, she was harassed and assigned work that
aggravated her injuries, despite having complained that her work assignments were causing her additional pain. According
to her affidavit, Andrae was eventually sent home by the plant manager and told not to return to work until contacted. 
Andrae contends this was a trick by Haggar to make it appear that she had voluntarily resigned her position by not reporting
to work. Reading Andrae's affidavit in the light most favorable to her, and disregarding any evidence or inferences contrary
to her position, we conclude that Andrae has produced more than a scintilla of evidence to support her allegation that she
was harassed and ultimately terminated in retaliation for filing a claim for worker's compensation in good faith. Andrae's
first two issues are sustained. 







 We decline to address Andrae's third, fourth, and fifth issues as they are not dispositive to this appeal. Tex. R. App. P.
47.1. Accordingly, we reverse the summary judgment granted by the lower court and remand this action to that court. 





 ________________________ 

 LINDA REYNA YAÑEZ 

 Justice 



Do not publish. 

TEX. R. APP. P. 47.3. 



Opinion delivered and filed this 

the 22nd day of June, 2000. 

 

1. Andrae's response refers to several other exhibits which were apparently meant to be attached to the response, however
none of them were attached and therefore they are not a part of the record before this Court.

2. Haggar also objects to a second affidavit by Andrae, which was attached to Andrae's motion for new trial. This second
affidavit was not before the trial court when the trial court ruled on Haggar's motion for summary judgment. Because
Andrae does not appeal the denial of her motion for new trial, we do not consider this second affidavit in determining the
outcome of her appeal.