In the Matter of NEW YORK SURETY COMPANY. MELVIN FISCHMAN et al., Respondents; SUPERINTENDENT OF INSURANCE, as Liquidator, Appellant. [751 NYS2d 764] —In a proceeding pursuant to Insurance Law article 74 for the liquidation of New York Surety Company, the Superintendent of Insurance, as Liquidator, appeals from a judgment of the Supreme Court, Nassau County (Phelan, J.), dated July 31, 2001, which, upon an order of the same court, dated June 21, 2001, granting the motion of the respondents, Melvin Fischman, Arnold Fischman, and Brooklyn Villas, LLP, to confirm a Referee's report dated March 13, 2001, made after a hearing, and denying the cross motion of the Superintendent of Insurance, as Liquidator, to disaffirm the Referee's report, is in favor of the claimants and against it in the principal sum of $100,000.

Ordered that the judgment is affirmed, with costs.

It is well settled that a surety may secure its rights by a written contract with the principal or another who promises to make good for the loss (*see Acstar Ins. Co. v Teton Enters.,* 248 AD2d 654; *International Fid. Ins. Co. v Spadafina,* 192 AD2d 637, 639). The agreement between the parties governs their rights and obligations (*see BIB Constr. Co. v Fireman's Ins. Co. of Newark, N.J.,* 214 AD2d 521, 523).

The Supreme Court correctly determined that the appellant was not entitled to retain the balance of collateral owed to the claimants Melvin Fischman and Arnold Fischman in connection with a bond given by Brooklyn Villas, LP, as an offset against an unrelated debt that arose in connection with certain bonds of the New York Modular Housing Corp. Notwithstanding the broad language employed in the receipt for collateral executed by the claimants in connection with the Brooklyn Villas, LP bond to discharge a mechanic's lien, the New York Modular bonds secured a different construction project by a different corporate entity, and were subject to a separate indemnity agreement. While Melvin Fischman was one of the

four indemnitors guaranteeing the New York Modular bonds, the claimant Arnold Fischman was not a signatory to that agreement. The appellant was not free to summarily disregard corporate identities and pierce corporate veils to withhold the $100,000 payment concededly otherwise owed to Melvin Fischman *and* Arnold Fischman.

The appellant's remaining contentions are without merit. Florio, J.P., S. Miller, Adams and Crane, JJ., concur.