**GENERAL INSURANCE COMPANY of America, Plaintiff–Appellee,**

v.

**MEZZACAPPA BROTHERS, INC., Defendant–Appellant.**

**No. 03–9155.**

United States Court of Appeals, Second Circuit.

Oct. 5, 2004.

Benjamin D. Lentz, Jericho, NY, for Plaintiff–Appellee.

Vincent Torna, New York, NY, for Defendant–Appellant.

Present: CALABRESI, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff–Appellee General Insurance Company of America ("General") filed this action to recover funds allegedly owed to it by Defendant–Appellant Mezzacappa Brothers, Inc. ("MBI") in connection with bonds issued by General, as surety, to guarantee certain construction contracts entered into by MBI. The District Court granted summary judgment to General for the funds owed. It also awarded General prejudgment interest. It is from those decisions that MBI appeals.

The principal question in this case is whether the rights that were assigned to General by MBI as consideration for General's surety obligations constituted a security agreement, or were instead a traditional surety indemnity agreement.

Under New York law a surety's rights in the property of its insured are secured by virtue of equitable subrogation, rather than by virtue of a security interest within the meaning of Article 9 of the Uniform Commercial Code ("UCC"). MBI does not really contest this, nor can it. *See John G. Lambros Co. v. Aetna Cas. & Sur. Co.,* 468 F.Supp. 624, 626 (S.D.N.Y.1979); *United States Fid. & Guar. Co. v. Triborough Bridge Auth.,* 74 N.E.2d 226, 227, 297 N.Y. 31, 35–36 (N.Y.1947); *cf. U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.,* 369 F.3d 34, 58 n. 22 (2d Cir.2004) (the general rule is that surety's claim has priority over a perfected security interest); *Mickelson v. Aetna Cas. & Surety Co. (In re J.V. Gleason Co.),* 452 F.2d 1219, 1223–24 (8th Cir.1971) (a surety's rights are separate from those attained under UCC); *Nat'l Shawmut Bank of Boston v. New Amsterdam Cas. Co.,* 411 F.2d 843 (1st Cir.1969) (same). Holders of rights attained through equitable subrogation, and therefore sureties, are generally held to a standard of "good faith," rather than the Article 9 standard of "commercial reasonableness," in disposing of the type of collateral that is at issue. *See, e.g., Acstar Ins. Co. v. Teton Enters., Inc.,* 670 N.Y.S.2d 588, 589, 248 A.D.2d 654, 654 (1998); *Int'l Fidelity Ins. Co. v. Spadafina,* 596 N.Y.S.2d 453, 454, 192 A.D.2d 637, 639 (1993); *see also Compania De Remorque Y Salvamento, S.A. v. Esperance, Inc.,* 187 F.2d 114 (2d Cir.1951).

MBI makes essentially two arguments in support of its contention that the usual rules regarding sureties should not apply, and that this case is not the typical situation and should be governed by UCC standards. First, it says that collateral given in 1998, eight years after the assignments at issue, was part of a security transaction

rather than a surety one. But the case before us does not in any way refer to dispositions of this 1998 collateral. And MBI adduces no evidence that links the alleged intent with respect to the 1998 collateral to what was intended with regard to the 1990 assignments that *are* before us. MBI's second argument is that, also in 1998, a UCC financing statement was executed and filed with respect to the original assignment. The filing of a financing statement, however, is a standard procedure done to inform parties as to the existence of a secured interest of any sort, even those arising out of equitable subrogation. Under New York law a filing does not, in itself, bespeak the intent required to form a security agreement within the meaning of the UCC. *See, e.g., Laminated Veneers Co. v. Bassin (In re Laminated Veneers Co.)*, 471 F.2d 1124, 1125 (2d Cir. 1973) (contrasting financing statements and security agreements); *In re Modafferi*, 45 B.R. 370, 372 (Bankr.S.D.N.Y.1985) (same, and collecting cases); *Trinity Constr., Inc. v. John R. Mott, Inc.*, 534 N.Y.S.2d 838, 839, 145 A.D.2d 720, 721 (N.Y.App.Div., 3d Dept.1988) (same). Nor, on the facts of this case, did the filing of the financing statement demonstrate the parties' intent to create such a security agreement. Accordingly the proper standard was, as the District Court found it to be, one of good faith.

On appeal, MBI argues that even under the good faith standard, questions of fact arise as to whether General's behavior comported with that standard. But we agree with the District Court that MBI conceded that if the standard were one of good faith no triable issues of fact existed. And we see no reason to permit MBI to go back on that concession here. *See Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir.1994) (holding the defendant to be bound by statements made in a brief on a motion); *United States Trust Co. of New York v.*

*Shapiro*, 835 F.2d 1007 (2d Cir.1987) (holding the plaintiff to be bound by concessions made by counsel at oral argument).

Finally, MBI raises the question of prejudgment interest. We need not decide whether the instant action was at law or at equity, because the District Court made clear that its award would have been the same whether it was required by law, or was within its discretion in equity. MBI makes no serious argument that the award, if viewed as discretionary, was so out of line as to constitute an abuse of discretion.

We have considered all of Appellant's arguments in this case and find them without merit. Accordingly, we AFFIRM the judgment of the District Court.