Reversed and Remanded and Memorandum Opinion filed October 18, 2007








Reversed
and Remanded and Memorandum Opinion filed October 18, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00769-CV

____________

 

JOHN TSERTOS and DUNDAS HOLDINGS,
INC.,
Appellants

 

V.

 

YAMMINE GABRIEL YAMMINE, D.D.S. and
Y. GABRIEL YAMMINE, D.D.S., P.A., Appellees

 



 

On Appeal from the County
Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 858934

 



 

M E M O R A N D U M   O P I N I O N

Appellants, John Tsertos and Dundas Holdings, Inc., appeal
the trial court=s granting appellees=, Yammine Gabriel
Yammine, D.D.S. and Y. Gabriel Yammine, D.D.S., summary motion, declaring the
affidavit claiming the mechanic=s and materialman=s lien invalid and
unenforceable, and awarding attorney fees to appellees.  We reverse and remand.








On October 19, 2004, Dundas Holdings entered into an
agreement to build an office to be used for Yammine=s dental
practice.  The agreed price to build the office was $990,846.25.  Under the
agreement, Dundas was entitled to progress payments.  On October 29, 2004,
Yammine gave Dundas a payment in the amount of $76,500 to lock in the price of
steel, glass, and stone.  Construction on the building began in February 2005. 
Dundas made seven draw requests, as well as other invoices for direct payment
by Yammine.  The first six draw requests were approved and paid.  The seventh
draw request was not paid.  

On February 10, 2006, Dundas filed a notice of mechanic=s and materialman=s lien with John
Tsertos= affidavit
claiming mechanic=s and materialman=s lien, stating
Dundas has an unpaid claim in the amount of $313,820.85.  On March 2, 2006,
Yammine filed suit against Dundas and Tsertos, in his individual capacity,
alleging the affidavit and notice were wrongful and fraudulent, and seeking to
have the lien declared invalid and unenforceable.  On April 20, 2006, Yammine
filed a summary motion to remove an invalid or unenforceable lien, which the
trial court granted, declaring the lien invalid and unenforceable.  








In their first issue, appellants complain the trial court
erred in removing the lien.  In a suit to declare a lien invalid or
unenforceable, the party objecting to the validity or enforceability of the
claim or lien may file a motion to remove the claim or lien.  Tex. Prop. Code Ann. ' 53.160(a) (Vernon
2007).  The owner may object to the validity or enforceability of the lien on
the basis that he has complied with Section 53.101[1]
and paid the retainage and all other funds owed to the contractor before the
claimant perfected the lien claim, and the owner received notice of the claim. 
Tex. Prop. Code Ann. ' 53.160(b)(4).[2] 
The trial court shall promptly determine a motion to remove a claim or lien.  Tex. Prop. Code Ann. ' 53.160(e).  If
the trial court determines the movant is not entitled to remove the lien, it
shall enter an order denying the motion.  On the other hand, if the court
determines the movant is entitled to remove the lien, it shall enter an order
removing the lien claimed in the lien affidavit.  Id.  

Yammine asserts Dundas did not build the project in
accordance with the plans and specifications, and at the time of the seventh
draw request, Dundas was on notice of nonconforming work under the contract,
but had not undertaken to cure any of the nonconforming work in accordance with
the terms of the agreement.  According to Yammine, Dundas was terminated in
October 2005, for cause under the agreement, and had been paid in full for all
invoiced work.  Appellants, on the other hand, contend when the seventh draw
request was not honored, the construction was place on suspension by Dundas.

Appellants complains of Yammine=s affidavit
because it does not state the facts contained in the affidavit are true and
correct.  An affidavits that does not represent that the facts as disclosed in
the affidavit to be true and within the affiant=s personal
knoweldge is legally insufficient.  Humphreys v. Caldwell, 888 S.W.2d
469, 470 (Tex. 1994) (orig. proceeding).  Appellants assert Yammine=s affidavit is
identical to those in Humphreys and, therefore, is not sufficient to
establish the matters set forth therein.  

Where an affidavit does not specifically recite that the
facts are true, but sets out that it was made on the affiant=s personal
knowledge and is subscribed to and sworn before a notary public, it is not
defective if, when considered in its entirety, its obvious effect is the
affiant is representing the facts stated therein are true and correct.  Federal
Fin. Co. v. Delgado, 1 S.W.3d 181, 184 (Tex. App.CCorpus Christi
1999, no pet.); Huckin v. Connor, 928 S.W.2d 180, 183B84 (Tex. App.CHouston [14th
Dist.] 1996, writ denied).  Although Yammine=s affidavit does
not specifically state the facts contained therein are Atrue and correct,@ it states, AI have personal
knowledge of the statements made in this affidavit,@ it is a sworn
document, and its obvious effect is Yammine is representing the facts stated
therein are true and correct.  Therefore, we will consider Yammine=s affidavit.  








Yammine asserts he complied with Section 53.101 and paid
all funds owed to Dundas for work done or materials furnished prior to Dundas= perfection of its
lien claim and before he received noticed of the claim.  Yammine also asserts
he is owed the $76,500 prepayment he made for the steel, glass, and stone. 
According to Yammine, Tsertos said he would be reimbursed after the financing
was in place and the draw requests were made.  Yammine, however, asserts he has
yet to be reimbursed.  Attached to appellants= response to
Yammine=s summary motion,
is John Tsertos= affidavit in which he states two change
orders were submitted on June 30, 2005, and approved on September 12, 2005, for
a total of $42,296.15, plus $11,471.00 for an increase in steel prices. 
Tsertos further asserts all offsets have been applied, including the $76,500
prepayment.  

We conclude appellants have raised a fact issue with regard
to whether Yammine had paid all money due to Dundas.  Therefore, the trial
court erred in granting the summary motion, and appellants= first issue is
sustained.[3] 


Accordingly, we reverse the judgment of the trial court and
remand for proceedings consistent with this opinion.  

 

 

 

 

_____________________________

J. Harvey Hudson

Senior Justice

 

 

 

 

 

Judgment rendered
and Memorandum Opinion/Opinion filed October 18, 2007.

Panel consists of
Chief Justice Hedges, Justice Guzman, and Senior Justice Hudson.*









[1]  Section 53.101 provides during the progress of the
work under an original contract for which a mechanic=s lien may be claimed and for 30 days after the work
is completed, the owner shall retain (1) 10 percent of the contract price of
the work to the owner; or (2) 10 percent of the value of the work, measured by
the proportion that the work done bears to the work to be done, using the
contract price or, if there is no contract price, using the reasonable value of
the completed work.  Tex. Prop. Code Ann.
' 53.101(a) (Vernon 2007).





[2]  Appellants assert Yammine relies on section
53.160(5).  However, because Yammine sought to remove the lien under on section
53.160(4), we will address the summary motion under 53.160(4).  





[3]  Because of our disposition, we need not address
appellants= other issues in which they complain the trial court
erred in awarding attorney fees payable by Dundas and Tsertos, jointly and
severally, and the trial court erred in not making findings of fact and
conclusions of law.  





*  Senior Justice J. Harvey Hudson sitting by
assignment.