# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00080-CV

**Charles Ryan Ermisch and Julie A. Ermisch, Appellants**

**v.**

**HSBC Bank USA, National Association, as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-1, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-15-006310, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this forcible-detainer action, Charles and Julie Ermisch appeal the trial court's final judgment granting possession to HSBC Bank. Appellants assert that the trial court erred by admitting a business-records affidavit and accompanying evidence in granting HSBC's motion for summary judgment because the records custodian, Sharon Vaughn, qualified her affidavit statement that the facts were true and correct with the phrase "to the best of my knowledge and belief." HSBC responds that the Ermisches waived this challenge because they did not secure a ruling from the trial court on their objection and that the business-records affidavit was sufficient under Texas Rule of Evidence 902(10)(b). For the reasons discussed below, we will affirm the judgment of the trial court.

**Background**[1]

Charles and Julie Ermisch purchased the property at issue on May 4, 2007, at which time they executed a promissory note and deed of trust. The deed of trust was assigned to HSBC in 2011, and HSBC purchased the property after a foreclosure sale in 2012. After sending a notice to vacate to the Ermisches, HSBC brought this forcible-detainer suit to seek possession of the property. The justice court granted HSBC possession, and the Ermisches appealed to the county court at law. HSBC filed a traditional motion for summary judgment, which attached a business-records affidavit by records custodian Sharon Vaughn authenticating four documents: the deed of trust, the assignment of the deed of trust to HSBC, HSBC's substitute trustee's deed, and the notice to vacate sent to the Ermisches. Vaughn's affidavit stated, in relevant part, that she "ha[d] personal knowledge of the facts contained in this Affidavit, and they are true and correct to the best of my knowledge and belief." The Ermisches objected to Vaughn's business-records affidavit, stating that the affidavit was insufficient because she swore that the facts were only "true and correct to the best of [her] knowledge and belief," rather than stating they were true and correct. The trial court granted HSBC's motion for summary judgment on November 24, 2015, but it did not explicitly rule on or address the Ermisches' objection. The Ermisches filed a motion for new trial, raising the same objection to Vaughn's affidavit. The Ermisches' motion for a new trial was overruled by operation of law, and this appeal followed.

---

[1] The facts are well known to the parties, and we therefore will not recite them in detail in this opinion. *See* Tex. R. App. P. 47.1 (appellate court opinions should be as "brief as practicable"), 47.4 (memorandum opinions should be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it").

**Discussion**

In their sole issue, the Ermisches claim the trial court erred by considering Sharon Vaughn's business-records affidavit and the attached business records in granting HSBC's motion for summary judgment. Specifically, the Ermisches challenge the Vaughn affidavit on the grounds that it did not unequivocally state that the facts were true and correct, and therefore the business records attached were inadmissible.[2] HSBC responds that the Ermisches waived this issue by failing to obtain a ruling on the objection in the trial court and, alternatively, that Vaughn's affidavit was sufficient to authenticate the records because it stated it was based on personal knowledge, set out her role as a records custodian, and substantially complied with the requirements of Texas Rule of Evidence 902(10)(b).

The Ermisches' issue is essentially a complaint that the trial court abused its discretion in failing to exclude the business records attached to Vaughn's affidavit as hearsay. To preserve this complaint for appellate review, the Ermisches were required to obtain a ruling on their objection. *See, e.g.*, *Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990) (per curiam); *Investment Retrievers, Inc. v. Fisher*, No. 03-13-00510-CV, 2015 WL 3918503,

---

[2] We note that of the four documents attached to the business-records affidavit, three of them (the deed of trust, assignment, and substitute trustee's deed) were self-authenticating under the rules of evidence because they were notarized documents and official public records. Tex. R. Evid. 902(4), (8); *Tower v. Bank of Am., N.A.*, No. 03-14-00404-CV, 2015 WL 4508687, at *2 (Tex. App.—Austin July 22, 2015, no pet.) (mem. op.) (copies of notarized mortgage records are self-authenticating under Rule 902(8)); *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 446 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (copies of mortgage records file-stamped to show they were filed in county property records are self-authenticating under Rule 902(4)). Accordingly, the only document that actually needed to be authenticated by Vaughn to be admissible was the notice to vacate.

3

at *4–5 (Tex. App.—Austin June 25, 2015, no pet.) (mem. op.); *Sprayberry v. Siesta MHC Income Partners, L.P.*, No. 03-08-00649-CV, 2010 WL 1404598, at *2–4 (Tex. App.—Austin Apr. 8, 2010, no pet.) (mem. op.); *Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 207 (Tex. App.—Dallas 2005, no pet.); *see also* Tex. R. Civ. P. 166a(f); Tex. R. App. P. 33.1(a)(2). The record does not contain any ruling by the trial court on their objection, nor is there any indication that the trial court ruled on the objection in the final judgment. Consequently, the Ermisches failed to preserve the objection for appellate review. Tex. R. App. P. 33.1(a)(2)(A); *see Well Sols., Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.) ("A trial court's ruling on an objection to summary-judgment evidence is not implicit in its ruling on the motion for summary judgment . . . ."); *see also Hogan v. J. Higgins Trucking, Inc.*, 197 S.W.3d 879, 883 (Tex. App.—Dallas 2006, no pet.) ("[F]or there to be an implicit ruling on an objection to summary-judgment evidence, there must be some indication that the trial court ruled on the objection in the record or in the summary judgment itself, other than the mere granting of the summary judgment." (citing *Broadnax v. Kroger Tex., L.P.*, No. 05-04-01306-CV, 2005 WL 2031783, at *1–2 (Tex. App.—Dallas Aug. 24, 2005, no pet.) (mem. op.); *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 169 S.W.3d 27, 34 (Tex. App.—Corpus Christi 2005), *aff'd*, 275 S.W.3d 444 (Tex. 2008))).[3]

---

[3] The record does not show that the Ermisches complained to the trial court about the lack of ruling on their objection to the Vaughn affidavit. The Ermisches filed a motion for new trial reurging their objection to the affidavit, but they did not object to the court's failure to rule. Simply restating the original objection is not sufficient to preserve this issue on appeal. *See* Tex. R. App. P. 33.1(a)(2)(B) (complaining party must object to refusal to rule); *Alejandro v. Bell*, 84 S.W.3d 383, 388 (Tex. App.—Corpus Christi 2002, no pet.).

However, to the extent the Ermisches' complaint goes to the competence of Vaughn's testimony and could be raised for the first time on appeal,[4] we conclude that it is without merit. We review a trial court's ruling concerning the admission of summary-judgment evidence under an abuse of discretion standard. *See Fairfield Fin. Grp., Inc. v. Synnott*, 300 S.W.3d 316, 319 (Tex. App.—Austin 2009, no pet.); *see also In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). An abuse of discretion occurs when the court's decision is made without reference to any guiding rules and principles or is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for it. *See Owens–Corning Fiberglass Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, at *4 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.).

The Ermisches assert that Vaughn's testimony regarding HSBC's law firm's record-keeping procedures was incompetent summary-judgment evidence because it failed to formally recite that the facts were "true and correct." In order to be competent summary-judgment evidence, an affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tex. R. Civ. P. 166(f); *see Rodriguez v. Citibank, N.A.*, No. 04-12-00777-CV, 2013 WL 4682194, at *2 (Tex. App.—San Antonio Aug. 30, 2013, no pet.) (mem. op.) ("[T]he requirement of personal knowledge is satisfied when an affiant identifies the position he holds and describes his

---

[4] *See Sprayberry v. Siesta MHC Income Partners, L.P.*, No. 03-08-00649-CV, 2010 WL 1404598, at *2–4 (Tex. App.—Austin Apr. 8, 2010, no pet.) (mem. op.).

job responsibilities so that one can reasonably assume he would be particularly situated to have personal knowledge of the facts within his affidavit."); *Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 510–11 (Tex. App.—El Paso 2010, no pet.). The rules of evidence do not require that the witness who lays the predicate for the admission of business records be their creator or have personal knowledge of the contents of the records; the witness is required only to have personal knowledge of how the records are kept. *See* Tex. R. Evid. 803(6), 902(10); *In re E.A.K.*, 192 S.W.3d 133, 142 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); *see also Rodriguez*, 2011 WL 182122, at *4–5 (citing *E.A.K.*, 192 S.W.3d at 142); *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 359 (Tex. App.—Dallas 2007, pet. denied) (holding affiant's testimony that she was foreclosure specialist and custodian of records for mortgagee with respect to mortgagor's loan was sufficient to satisfy personal knowledge requirement of Rule 166a(f)).

Vaughn's affidavit explicitly states that she has "personal knowledge of the facts," and she further demonstrates her personal knowledge of those facts in her testimony. In the affidavit, Vaughn testified that in her role as a paralegal and custodian of records, she had "care, custody, and control of all records concerning the forcible entry and detainer proceeding against [the Ermisches]." She further described how records are made and kept on behalf of HSBC's law firm. Vaughn then identified the attachments as originals or exact copies of HSBC's records and proved them up as business records.[5]

---

[5] The Ermisches note that Vaughn made a typographical error in that the affidavit stated 63 pages were attached, but only 61 pages were actually attached. However, this sort of typographical error, acknowledged by HSBC in the summary-judgment hearing, does not affect the admissibility of the affidavit. *See Adams v. State*, 985 S.W.2d 582, 584 (Tex. App.—Eastland 1998, pet. ref'd) (holding that trial court did not abuse its discretion in admitting medical records even

6

The Ermisches rely primarily on the general rule that summary-judgment testimony offered solely on "the best of [an affiant's] knowledge and belief" is not competent summary-judgment evidence. However, unlike summary-judgment affidavits offered to prove up elements of a cause of action or defense, Vaughn's affidavit is a business-records affidavit. Rule 902(10)(b) sets out a form of affidavit for use when business records are introduced under Rule 803(6) and also specifically states that the form is not exclusive. Tex. R. Evid. 902(10)(b). Vaughn's affidavit complied with the requirements under Rules 902(10)(b) and 803(6)—she was not required to recite the exact words that appear in the rule nor was she required to state that all facts in the affidavit are "true and correct." *See id.*; *Kyle*, 232 S.W.3d at 360–61 (holding business-records affidavit competent without statement that all facts were "true and correct" because affidavit substantially complied with Rule 902(10)(b)); *Federal Fin. Co. v. Delgado*, 1 S.W.3d 181, 184 (Tex. App.—Corpus Christi 1999, no pet.) ("[W]here the affidavit does not specifically recite that the facts set forth there are true, but does set out that it is based on personal knowledge and is subscribed to and sworn before a notary public, it is not defective if, when considered in its entirety, its obvious effect is that the affiant is representing that the facts stated therein are true and correct.").

Reading the affidavit as a whole, we conclude that the trial court could have reasonably determined that Vaughn's affidavit demonstrated she was testifying based on personal knowledge and the "obvious effect" of her testimony regarding her role as custodian of records was

though affidavits misstated number of pages contained in records because "[w]hether the affidavits are inaccurate or whether there are pages missing from the medical records should affect the weight to be given the evidence not the admissibility"); *see also Ramos v. Texas Dep't of Pub. Safety*, No. 04-05-00389-CV, 2006 WL 467969, at *2 (Tex. App.—San Antonio Mar. 1, 2006, no pet.) (mem. op.).

that her statements were true and correct.  *Delgado*, 1 S.W.3d at 184; *see Vaughan*, 792 S.W.2d at 945 (holding that it was "clear from reading the entire affidavit" that affiant was testifying from personal knowledge).  As such, the trial court did not abuse its discretion in admitting the affidavit as competent summary-judgment evidence.

We overrule the Ermisches' sole issue.

## Conclusion

Having overruled the Ermisches' sole issue, we affirm the judgment of the trial court.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed:   November 4, 2016