

# NUMBER 13-22-00307-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE E.N.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Benavides[1]

This original proceeding stems from a suit affecting the parent-child relationship. On July 8, 2022, relator E.N.[2] filed a petition for writ of mandamus contending that the trial court abused its discretion by entering an order requiring him to pay for his child's international travel without providing notice or setting the matter for a hearing. On August

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] On our own motion, we refer to the parties by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d).

8, 2022, the real party in interest, N.E.N., filed a response. We conclude that the mandamus record is incomplete. Accordingly, we deny the petition for writ of mandamus.

## I.    MANDAMUS

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). Generally, to obtain relief by writ of mandamus, a relator must establish that: (1) the trial court clearly abused its discretion and (2) the relator has no adequate remedy by appeal. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

## II.    INADEQUATE RECORD

To present a petition for writ of mandamus for our review, a relator must file "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a)(2). E.N. has not included a transcript from the underlying proceeding or a statement that no relevant testimony was received below.

The mandamus record shows that on June 24, 2022, N.E.N. filed an "Emergency Motion for Zoom Hearing," requesting that the court clarify several issues, including the child's plans to travel internationally to visit her. Although the trial court's June 30 order states that no hearing was held on N.E.N.'s "Emergency Motion for Zoom Hearing," the order references a June 2, 2022 hearing. At that hearing, the order explains, "the parties

2

announced their agreement that [N.E.N.] would have the standard 42-day visitation for the summer from July 1 to August 11, 2022." *See* TEX. R. CIV. P. 11.

In his petition for writ of mandamus, E.N. complains that he was never given the opportunity to discuss his concerns regarding the child's safety and the costs associated with sending the child to visit N.E.N. However, without a transcript from the June 2 hearing or a statement that no testimony was taken at that hearing, we are not positioned to review these claims. *See* TEX. R. APP. P. 52.7(a)(2); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *see also In re Bacak*, No. 13-13-00553-CV, 2013 WL 11260473, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 18, 2013, orig. proceeding) (mem. op.) (per curiam).

Additionally, as part of their petition for writ of mandamus, a relator must include in the appendix "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A); *see also id.* R. 52.7(a)(1). "Documents that are attached to a properly prepared affidavit are sworn copies." *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding). Although E.N. included an affidavit attached to his petition swearing that the "exhibits" attached to his petition were "true and correct copies of the originals," he did not include any statement to suggest that this was a matter within his personal knowledge. Without such a statement, the affidavit was legally insufficient. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding); *In re Butler*, 270 S.W.3d at 759; *see also Fed. Fin. Co. v. Delgado*, 1 S.W.3d 181, 184 (Tex. App.—Corpus Christi–Edinburg 1999, no pet.) ("An affidavit which does not positively and unqualifiedly represent the facts as disclosed in

3

the affidavit to be true and within the affiant's personal knowledge is legally invalid." (citing *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (per curiam))); *In re C.C.*, No. 13-10-00663-CV, 2012 WL 112813, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 12, 2012, no pet.) (mem. op.) (per curiam). The copy of the order contained in the record is not otherwise certified or sworn, and therefore, E.N. has failed to meet the procedural requirement to ensure an adequate mandamus record. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

"Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules." *In re Le*, 335 S.W.3d at 813. "Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *Id.* Based on the inadequacy of the mandamus record now before us, relator has not shown himself entitled to the relief he requests.

### III. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, concludes that E.N. has not met his burden to obtain relief. We lift the stay previously imposed in this case, and we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a), (d); *id.* R. 52.10.

We do note, however, that the issues E.N. raises regarding the trial court's failure to conform to the requirements of due process are concerning. We are confident, though, that in the future, the trial court will exercise caution and ensure that the litigants before it are afforded the fairness our constitution demands. *See Boddie v. Connecticut*, 401 U.S. 371, 379 (1971) ("In short, within the limits of practicability, a State must afford to all

4

individuals a meaningful opportunity to be heard if it is to fulfill the promise of the Due Process Clause." (cleaned up)).

GINA M. BENAVIDES
Justice

Delivered and filed on the
16th day of September, 2022.