■ Eva M. Morrison, Individually and as Parent and Natural Guardian of William C. Morrison, Jr., an Infant, Appellant, v Mary L. Flintosh et al., Defendants, and Anthony G. Rao et al., Respondents.—Mercure, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Jiudice, J.), entered June 1, 1989 in Dutchess County, which granted the motions of defendants Anthony G. Rao and Fernando Piney for summary judgment dismissing the complaint against them, and (2) from that part of an order of said court, entered August 18, 1989 in Dutchess County, which, upon renewal, adhered to its prior decision.

This action arises out of a collision between an automobile operated by defendant Elizabeth A. Williams and a bicycle ridden by 10-year-old William C. Morrison, Jr. which took place on a private road in the M&K Trailer Park in the Town of Hyde Park, Dutchess County. The property was owned by defendant Anthony G. Rao at the time of the accident and previously by defendant Fernando Piney. The accident took place at the center of an approximately right-angle turn in the roadway. It is undisputed that Morrison was riding his bicycle on the left side of the road as he approached the left turn and struck the right front wheel of the Williams vehicle, which was being driven in the opposite direction in the same lane. A mobile home and a tree were located in close proximity to the pavement such that neither operator could see the other in time to avoid the collision.

Plaintiff commenced this action to recover for injuries suffered by Morrison in the accident, asserting liability against Rao and Piney (hereinafter collectively referred to as defendants) due to alleged improper layout, design, construction and maintenance of the trailer park and its roadways, and failure to provide for adequate sight distance at the subject corner, to post adequate speed and warning signs and to provide adequate alternative recreation areas and/or sidewalks. Following joinder of issue, service of bills of particulars and discovery, defendants successfully moved for summary judgment dismissing the complaint. Plaintiff's subsequent mo-

tion to renew was granted and, upon renewal, Supreme Court adhered to its prior decision. Plaintiff appeals.

There should be an affirmance. In support of the motion, defendants came forward with sworn affidavits and transcripts of examinations before trial which, if uncontroverted, supported a finding that the sole proximate cause of Morrison's injuries was his own negligence and, in fact, his violation of an applicable statute (see, Vehicle and Traffic Law § 1234 [a]) in riding his bicycle on the left-hand side of the road as he approached a blind turn to the left. Notably, the evidence showed that the Williams vehicle was being driven at an extremely slow rate of speed, perhaps 3 to 5 miles per hour. Thus, the alleged failure to post speed and warning signs and to provide adequate speed bumps had no bearing upon the occurrence. The claim that Morrison would not have ridden his bicycle in the road had alternative recreation areas been available is wholly speculative and, since Morrison could not lawfully ride his bicycle on a sidewalk (see, Vehicle and Traffic Law §§ 144, 1231, 1234), their absence did not contribute to the accident. Thus, the burden shifted to plaintiff to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which [she] rests [her] claim" (Zuckerman v City of New York, 49 NY2d 557, 562; see, CPLR 3212 [b]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068).

Although plaintiff initially opposed the motion with only an attorney's affirmation, thereby mandating Supreme Court's initial grant of summary judgment in favor of defendants (see, Zuckerman v City of New York, supra, at 560), upon renewal plaintiff did come forward with photographs of the accident scene and two separate affidavits of Alvin Bryski, a purported expert in highway design and accident reconstruction. However, the photographs do not assist plaintiff as they merely provide additional support for the uncontroverted position that under the circumstances present here Williams and Morrison could not see one another for a sufficient period of time to avoid the collision, and we conclude that the Bryski affidavits do not satisfy plaintiff's burden of coming forward with evidence sufficient to create a factual issue. Initially, we note that Bryski is not licensed as a professional engineer, although he does have a Master's degree in civil engineering and teaches civil engineering technology at an Albany-area community college. Further, although he states that "[b]ased upon [his] site inspection and measurements and [his] evaluation [of photographs of the site], [he is] of the opinion that the

sight distance at this intersection[*] is inadequate and creates a hazardous condition", he offers no foundational facts to support the opinion. Notably, he does not state the type of sight distance which he investigated and offers no detail as to running speed, roadway conditions, reaction time or braking time, nor does he give any indication of applicable industry standards or practices. Without a foundation based upon facts in the record or stated personal knowledge, the opinion of plaintiff's expert was purely speculative and, thus, lacked sufficient probative force to constitute prima facie evidence of negligence (see, *Fallon v Hannay & Son,* 153 AD2d 95, 101-102).

Orders affirmed, with one bill of costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.

---

* It is undisputed that the accident occurred on a curve and not an intersection.