■ KIM A. LA PAGE, as Administratrix of the Estate of GEORGE W. BAKER, Deceased, Respondent, v STEVEN A. SMITH, Appellant.—Kane, J. P. Appeal from an order of the Supreme Court (Plumadore, J.), entered October 16, 1989 in Franklin County, which denied defendant's motion for summary judgment dismissing the complaint.

On September 28, 1986, plaintiff's decedent was killed in an automobile accident on County Route 30 in Franklin County. Prior to the accident, decedent consumed several bottles of beer with defendant and then agreed to a race to determine

who had the faster vehicle. Decedent's brother, Andrew Baker, accompanied decedent while defendant drove alone. According to a report by a State Trooper who interviewed Baker after the accident, Baker said both cars were going "very fast" and that defendant's vehicle was behind decedent's vehicle when decedent lost control and his car went off the right side of the road. The record demonstrates that the two vehicles were traveling at speeds in excess of 100 miles per hour and that, although slowing to approximately 75 miles per hour, decedent was unable to negotiate a curve in the road. The police report also stated that Baker "said he does not believe there was any contact between the two vehicles". This conclusion was supported by an examination of both vehicles by police arriving at the scene who found "nothing on either vehicle to indicate there had been contact between them". The autopsy report indicated decedent's blood alcohol level was .16%, which was labeled "above levels considered acutely intoxicating".

Approximately two years later, plaintiff, as administratrix of decedent's estate, commenced this lawsuit, alleging in her complaint that while decedent was "lawfully operating a motor vehicle" he was "struck from behind by the automobile being driven by defendant" which caused him "to fail to negotiate a curve in the highway". Depositions were taken, during which Baker testified that there was contact between the two vehicles before decedent left the road. As to his earlier statements which were reported by the police after the accident, Baker stated that "I don't even remember really talking to the [police]". Defendant moved for summary judgment, arguing that decedent's criminal conduct prohibited plaintiff from recovery for his death and that such conduct further constituted an express assumption of the risk. Supreme Court denied the motion and this appeal followed.

We now reverse. In denying defendant's motion for summary judgment, Supreme Court concluded, *inter alia,* that decedent's conduct did not rise to the level of criminal conduct that would bar plaintiff from recovery. We disagree. The Court of Appeals instructs us that "when the plaintiff's injury is a direct result of his knowing and intentional participation in a criminal act he cannot seek compensation for the loss, if the criminal act is judged to be so serious an offense as to warrant denial of recovery" *(Barker v Kallash,* 63 NY2d 19, 25; *see, Reno v D'Javid,* 42 NY2d 1040). This rule of law inherently involves some threshold judicial evaluation of the seriousness of the criminal conduct involved *(see, Barker v*

*Kallash, supra,* at 25, n), and "[a] complaint should not be dismissed merely because the plaintiff's injuries were *occasioned* by a criminal act" *(supra,* at 25 [emphasis supplied]). However, the rule, well grounded in public policy concerns that criminals should not profit from their crimes *(see, Riggs v Palmer,* 115 NY 506), holds that a plaintiff "whose injuries are the *direct result* of his commission of what is judged to be serious criminal or illegal conduct is not entitled to recover" *(Barker v Kallash, supra,* at 26 [emphasis supplied]). In both the cases relied upon by Supreme Court, *Humphrey v State of New York* (60 NY2d 742) and *Clark v State of New York* (124 AD2d 879), injuries were sustained by the plaintiffs involved in unwitnessed single-vehicle accidents which were "occasioned" by the criminal act of each plaintiff's drunk driving *(see, Humphrey v State of New York, supra,* at 743; *Clark v State of New York, supra,* at 879-880; *see also, Barker v Kallash, supra,* at 25).

In this case, decedent was not only operating his vehicle while intoxicated but did so at speeds in excess of 100 miles per hour. Furthermore, decedent did so after agreeing to a race to determine who had the fastest car; a race which, given the "course" chosen, involved two vehicles "jockeying" at high speeds in both lanes of a two-lane road. In our view, such hazardous illegal conduct falls clearly within the ambit of the rule as outlined in *Barker v Kallash (supra).* Accordingly, pursuant thereto and to the public policy of this State, plaintiff is barred from recovery and defendant is entitled to summary judgment dismissing the complaint.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.