■ JOHN W. McBRIDE, Plaintiff, v STEWART'S ICE CREAM COMPANY, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. RONALD STARK, Doing Business as R.G. STARK, Third-Party Defendant-Appellant. [691 NYS2d 630] —Mikoll, J. P.

Appeal from an order of the Supreme Court (Canfield, J.), entered May 14, 1998 in Rensselaer County, which denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

Plaintiff commenced this action to recover for injuries he sustained when he slipped and fell on snow and ice outside the Stewart's Ice Cream Store on Troy Road in the Town of East Greenbush, Rensselaer County, on February 9, 1994. Defendants commenced a third-party action against Ronald Stark, with whom they had contracted for snow plowing services, alleging that if plaintiff's fall resulted from a dangerous condition outside the store, it existed as a result of Stark's negligence and/or breach of contract. Following discovery, Stark moved for summary judgment based on the fact that he had plowed the parking lot earlier in the day, thereby fulfilling his contractual obligation, that defendants had not requested that he return for additional plowing and that he had no contractual duty to clear snow or ice from the store's sidewalk. Defendants opposed the motion, contending that there were questions of fact as to the location of plaintiff's fall and whether Stark performed his contractual duties in an appropriate manner. Supreme Court agreed, and denied Stark's motion for summary judgment. This appeal ensued.

We affirm. The record discloses the existence of material questions of fact precluding summary judgment. There is conflicting evidence as to where plaintiff fell. In his bill of particulars, plaintiff stated that he fell when stepping off the elevated walk in front of the store; in his examination before trial, plaintiff testified that he fell in the driveway, but added that, because of the amount of snow, he could not determine where the sidewalk ended and the driveway began. An employee of Stewart's testified that when he went to assist him, plaintiff was in the middle of the driveway. Since Stark was responsible for plowing the driveway and parking lot, but was not responsible for snow removal or alleviating icy conditions on the sidewalk, the location of plaintiff's fall is critical to ascertaining whether Stark has any potential liability. Assuming, arguendo, that plaintiff fell in an area which Stark had contracted to plow, there exists a question of fact as to whether he adequately performed his contractual obligations or was negligent in any duty owed to defendants. Supreme Court

therefore properly denied Stark's motion to dismiss defendants' indemnification and contribution claims (*see, Boskey v Gazza Props.*, 248 AD2d 344, 346; *Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 827).

Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.