■ Jane Lashua, Respondent, v Meegan LaDuke, Also Known as LaDuke's Super Mart, Also Known as LaDuke's Grocery, et al., Defendants, and Bank America, FSSB, Appellant. (And a Third-Party Action.) [707 NYS2d 542] —Lahtinen, J. Appeal from an order of the Supreme Court (Dawson, J.), entered March 11, 1999 in Clinton County, which, *inter alia*, denied defendant Bank America, FSSB's cross motion for summary judgment on its counterclaim.

On October 15, 1994 plaintiff sold real property to defendant Meegan LaDuke consisting of land improved by a wood frame commercial structure and a manufactured home. At closing, in partial payment of the purchase price, plaintiff received a note and purchase-money mortgage in the amount of $63,000 from LaDuke, which was recorded on October 21, 1994, and a UCC-1 financing statement describing the manufactured home by size, manufacturer and serial number, which plaintiff filed on November 29, 1994. The note and mortgage made no mention of the commercial structure or the manufactured home and no other document was signed by LaDuke identifying the manufactured home.

On December 12, 1995 LaDuke, without permission of plaintiff, sold the manufactured home to defendant Tracy L. Pray. Pray financed the purchase through defendant Bank America, FSSB[1] (hereinafter defendant). Defendant obtained a security interest in the manufactured home under the "Installment Contract—Security Agreement" signed by Pray and filed a UCC-1 form on December 21, 1995 perfecting its security

---

1. Bank America, FSSB and BankAmerica Housing Services, the named third-party plaintiff in the related third-party action, are the same entity.

interest. In September 1996 plaintiff consented to LaDuke's sale of a portion of the mortgaged property upon which the commercial building was situated, releasing that parcel from the mortgage in consideration of the payment of the sale price to her. In November 1997 LaDuke filed a chapter 7 bankruptcy petition.

In July 1998 plaintiff commenced this action to foreclose on her mortgage on the real property as well as her claimed lien interest in the manufactured home. Defendant answered and asserted a counterclaim claiming that its purchase-money security interest in the same manufactured home had priority over any lien asserted by plaintiff. Plaintiff moved for summary judgment seeking a judgment of foreclosure and sale. Defendant cross-moved for summary judgment on its counterclaim seeking possession of the manufactured home. Supreme Court determined, *inter alia*, that defendant's perfected, purchase-money security interest in the manufactured home was subordinate to plaintiff's perfected, purchase-money security interest in that collateral, granted plaintiff's motion and denied defendant's cross motion. Defendant now appeals.[2]

Defendant contends that plaintiff's UCC article 1 financing statement (*see*, UCC 9-402) is not a security agreement and that filing did not create a security interest in the manufactured home. A security agreement is defined as "an agreement which creates or provides for a security interest" (UCC 9-105 [1] [*l*]). Where, as here, the collateral is not in the possession of the secured party, a security agreement requires a writing signed by the debtor which describes the collateral (*see*, UCC 9-203 [1] [a]; *Matter of Talco Contrs. v New York State Tax Commn.*, 140 AD2d 834). In order for a security interest to be valid and enforceable against the debtor and third parties, the debtor must sign a document describing the collateral, the security interest must attach and must be perfected[3] (*see*, *Allegaert v Chemical Bank*, 454 F Supp 341, *revd on other grounds* 657 F2d 495; *In re Modafferi*, 45 Bankr 370; *see also*, UCC 9-203), all of which has occurred here.

It is not disputed that the UCC-1 financing statement was signed by plaintiff and LaDuke together with a note and mortgage at the closing of this real estate transaction. These

---

**2.** Although defendant's notice of appeal indicates that it appeals from each and every part of Supreme Court's order, the only issue addressed by defendant on this appeal is Supreme Court's determination regarding the liens on the manufactured home.

**3.** Attachment and perfection of plaintiff's security interest are not disputed by defendant.

created writings indicate that the parties intended to create a security interest in the manufactured home (*see, Matter of Talco Contrs. v New York State Tax Commn., supra*). The execution of those documents under such surrounding facts and circumstances may be considered to determine the parties' intent (*see, Caravan Gifts v Ho Sang Whang*, 181 AD2d 618; *cf., 67 Wall St. Co. v Franklin Natl. Bank*, 37 NY2d 245). Upon this record, plaintiff's financing statement qualifies as a security agreement (*cf., Trinity Constr. v Mott*, 145 AD2d 720; *In re Modafferi, supra*) since (1) it was signed by LaDuke, (2) it named the parties, (3) it described the collateral, (4) it described plaintiff as a secured party, and (5) the circumstances under which it was signed clearly evince an intent to create a security interest in the manufactured home.

Defendant next challenges Supreme Court's determination that plaintiff's security interest, filed in November 1994, had priority over its perfected nonpossessory purchase-money security interest resulting from the sale of the collateral by LaDuke to Pray in December 1995. Plaintiff's security interest fits the definition of a purchase-money security interest as set forth in UCC 9-107 (a). Defendant claims that plaintiff's security interest is not a purchase-money security interest because plaintiff failed to perfect her security interest within 20 days from LaDuke's receipt of the collateral and, therefore, its security interest must be afforded priority pursuant to UCC 9-312 (4). Failure to perfect a purchase-money security interest within 20 days from the date of delivery of the collateral does not result in a loss of its "purchase money" status. Plaintiff's perfected purchase-money security interest is first in time and, therefore, first in right (*see*, UCC 9-312 [5]).

Finally, defendant claims that plaintiff has failed to file a continuation statement since Supreme Court's decision, the effective period of the original statement has expired and she is now unperfected against defendant (*see*, UCC 9-403 [2]). That issue is outside the scope of this record and cannot be addressed on this appeal.

Spain, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.