■ JASON RENE et al., Respondents, v UNION GARDENS COOPERATIVE, SECTION 1, INC., Appellant, and CITY OF NEW YORK, Respondent. [749 NYS2d 743] —In an action to recover damages for personal injuries, etc., the defendant Union Gardens Cooperative, Section 1, Inc., appeals from an order of the Supreme

Court, Queens County (Flug, J.), dated December 17, 2001, which, inter alia, denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

"An abutting landowner will not be liable to a pedestrian passing by on a public sidewalk unless the landowner created the defective condition or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and expressly made the landowner liable for injuries occasioned by the failure to perform that duty" (*Winberry v City of New York,* 257 AD2d 618, 619; *see Alessi v Zapolsky,* 228 AD2d 531; *Figueroa v City of New York,* 227 AD2d 373).

The defendant Union Gardens Cooperative, Section 1, Inc. (hereinafter Union Gardens) failed to establish its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). There are questions of fact with respect to the exact location of the accident, whether Union Gardens made any special use or derived a special benefit from the sidewalk where the accident allegedly occurred, and, if so, whether Union Gardens caused the alleged defect through its special use. Accordingly, the Supreme Court properly denied that branch of the motion of Union Gardens which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The remaining contention of Union Gardens is without merit. Smith, J.P., Schmidt, Adams and Cozier, JJ., concur.