MALCOLM MACHT, Respondent, v J.S. CINEMAS, INC., Appellant. [795 NYS2d 401]—

Carpinello, J. Appeal from an order of the Supreme Court (Demarest, J.), entered September 8, 2004 in Franklin County, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

In this trip and fall case involving a then 76-year-old plaintiff, Supreme Court denied defendant's motion for summary judgment finding a question of fact as to the exact location of the

accident. In support of its motion, defendant proffered plaintiff's deposition testimony in which he admittedly and unequivocally stated that he fell approximately one block from defendant's premises. He also testified, however, that he was immediately assisted by several bystanders who advised him not to move until emergency personnel arrived. According to plaintiff, he heeded these suggestions and did not move.

Defendant's motion was opposed by the deposition testimony of a police officer and a firefighter who arrived on the scene shortly after the accident. Both testified that plaintiff was lying on the sidewalk at least partially in front of defendant's premises. Even defendant's manager, who observed plaintiff after he fell, testified that plaintiff was "about five or six feet south of the edge of our building." In the absence of any indication that plaintiff moved or was moved by others after the fall, it appears, viewing the evidence in the light most favorable to him, that plaintiff may have simply been mistaken as to the precise spot where he fell. In short, the conflicting versions of the accident's location must be resolved by a jury (*see Rene v Union Gardens Coop., Section 1,* 299 AD2d 471, 472 [2002]; *McBride v Stewart's Ice Cream Co.,* 262 AD2d 776 [1999]). Supreme Court therefore properly denied defendant's motion for summary judgment.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.