■ CHARLES RIBAUDO, Respondent, v DELANEY CONSTRUCTION CORPORATION et al., Appellants. [843 NYS2d 715]—

Peters, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered February 28, 2007 in Warren County, which denied defendants' motion for summary judgment dismissing the complaint.

Defendant Delaney Construction Corporation was contracted by defendant Town of Queensbury to perform a sewer renova-

tion project along State Route 9 in the Town of Queensbury, Warren County. On April 30, 2004, Robert Weisgerber, a superintendent in charge of the Delaney renovation project, noticed that a sinkhole had developed along the curb on the northbound side of Route 9 where Delaney had been working. Although the area had already been marked as a construction zone, with warning signs informing upcoming motorists that a construction area was approaching in intervals of 1,500 feet, 1,000 feet and 500 feet, Weisgerber also placed a "lane shift" sign, as well as additional warning barrels and cones at the site of the sinkhole, to divert traffic from that area. Weisgerber thereafter contacted a concrete company which filled the sinkhole with "flowable fill," a cement-based substance, at approximately 6:15 A.M. the next day. Weisgerber testified that he and another worker thereafter smoothed the fill and left with the warning signs, cones and barrels still in place; it was anticipated that the substance would cure within two hours.

Around 7:00 A.M. that morning, plaintiff was riding his bicycle northbound on Route 9. As he approached the site of the filled sinkhole, plaintiff, aware of the warning barrels and cones, rode his bicycle around the barrels and between the cones until he rode into the wet flowable fill. Plaintiff sustained injuries, as a result of which he commenced this action, claiming that defendants negligently failed to erect proper barriers around the sinkhole and adequately warn highway users of the dangerous road conditions. Defendants subsequently moved for summary judgment, claiming that plaintiff's actions were the sole proximate cause of his injuries. Finding plaintiff's conduct culpable, Supreme Court, nonetheless, denied defendants' motion, finding a triable issue of fact as to whether the warning signs and other barriers were sufficient to warn of the sinkhole. Defendants appeal.

In support of the motion for summary judgment, defendants offered not only the deposition testimony of Weisgerber, but his affidavit which stated that the warnings, cones and barrels were placed in conformance with the New York State Manual of Uniform Traffic Control Devices and general accepted standards and practices in the industry to warn and divert traffic from the area through the use of signage and a channeling process (see 17 NYCRR 300.3 [h] [1] [iv]; 292.5 [a]). With Vehicle and Traffic Law § 1231 providing that the traffic laws apply to persons riding bicycles upon a roadway (see Redcross v State of New York, 241 AD2d 787, 790 [1997], lv denied 91 NY2d 801 [1997]), and plaintiff's admission that he saw the warning barrels and cones but nonetheless rode his bicycle around them

into the protected area—areas fully depicted in pictures included within defendants' proffer—we agree with Supreme Court that defendants made "a prima facie showing of entitlement to judgment as a matter of law" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *accord JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 384 [2005]).

With the burden shifted to plaintiff (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324), we conclude, even when viewing the evidence in a light most favorable to the nonmoving party (*see Macht v J.S. Cinemas, Inc.*, 18 AD3d 1102, 1103 [2005]), that he failed to sustain his burden. Noting the inadequacy created by plaintiff's sole submission of his attorney's affirmation (*see Hendrickson v City of Kingston*, 291 AD2d 709, 710 [2002], *appeal dismissed and lv denied* 98 NY2d 662 [2002]; *Morrison v Flintosh*, 163 AD2d 646, 647 [1990]), there remained no substantive, relevant challenge, through the proffer of an expert affidavit or otherwise, to the sufficiency or adequacy of the warning signs and barricades placed by defendants. Considering plaintiff's violation of the Vehicle and Traffic Law and his admission that he ignored the signs that were present (*see Hearn v State of New York*, 157 AD2d 883, 885 [1990], *lv denied* 75 NY2d 710 [1990]), we reiterate "that [a municipality] is not the insurer of the safety of its roads and no liability will attach unless the ascribed negligence of the [municipality] in maintaining its roads in a reasonable condition is the proximate cause of the accident" (*id.*). Finding no issue of fact properly challenging defendants' showing, we reverse.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.