HENRY BENIZZI et al., Respondents, v BANK OF THE HUDSON, Formerly Known as MSB BANK, Appellant. [855 NYS2d 764]—

Lahtinen, J. Appeal from an order of the Supreme Court (Ledina, J.), entered December 26, 2006 in Sullivan County, which, among other things, partially denied defendant's cross motion for summary judgment dismissing the complaint.

In this dispute about the enforceability of a UCC-1 statement filed by defendant against a manufactured home located on property owned by plaintiffs, the parties submitted neither depositions nor affidavits of the parties in support of their motions for summary judgment. The basic facts, as gleaned from the record, reveal that, in 1992, the parents of plaintiff Henry Benizzi were permitted by plaintiffs to place a double-wide manufactured home owned by the parents on land owned by

plaintiffs in the hamlet of Hurleyville, Sullivan County. In November 1995, the parents applied for and later received a home equity loan of $40,000 from defendant. The loan application listed real property of the parents purportedly worth $80,000 in the hamlet of Glen Wild, Sullivan County. However, the parents did not own that lot, but apparently intended to use the home equity loan to purchase the lot. The purchase never occurred and, in February 1996, defendant filed the disputed UCC-1 statement as to the manufactured home (located on plaintiffs' property), which had been listed as an asset on the parents' loan application.

Thereafter, the parents defaulted on the loan (one parent has since died) and, when plaintiffs attempted to obtain a loan from a different bank secured by their Hurleyville property, their application was denied because of the UCC-1 statement filed against the manufactured home, which ostensibly was considered permanently attached to the property. Plaintiffs requested defendant to remove the UCC-1 filing so they could obtain the loan on their real property. Defendant refused and plaintiffs commenced this action, with both parties eventually moving for summary judgment. Supreme Court denied plaintiffs' motion and, while granting defendant's motion with regard to the cause of action asserting interference with a contractual relationship, otherwise denied defendant's motion. Defendant appeals.

We affirm. It is well settled that the "drastic remedy [of summary judgment] should not be granted where there is any doubt as to the existence of [triable] issues" and "issue-finding, rather than issue-determination, is the key" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957] [internal quotation marks and citation omitted]; *see Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1219 [2007]). Initially, there is a threshold issue as to whether the UCC-1 statement was properly filed. This was not a purchase-money security interest, the UCC-1 statement in the record is not signed by the debtors (*see Lashua v LaDuke*, 272 AD2d 750, 751-752 [2000]) and, while the UCC-1 statement purports to be authorized by a provision of a separate security agreement signed by the debtors, it is not clear that such a provision as regards the manufactured home is contained in a separate agreement. Moreover, viewing the evidence most favorable to plaintiffs (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004]), we agree with Supreme Court that there are factual issues as to whether the manufactured home was permanently affixed to plaintiffs' property well before the subject home equity loan to the parents.

Mercure, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.