*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                    517709
_____

MATTHEW HATHAWAY,

                    Appellant,

        v
                                              MEMORANDUM AND ORDER

BRIAN EASTMAN et al.,

                    Respondents,
                    et al.,
                    Defendant.

_____


Calendar Date:   September 3, 2014

Before:   Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

                    _____


        Stanley Law Offices, Syracuse (H.J. Hubert of counsel), for
appellant.

        Levene Gouldin & Thompson, Vestal (Lauren K. Saleeby of
counsel), for Brian Eastman, respondent.

        Petrone & Petrone, PC, Utica (Mark J. Halpin II of
counsel), for Rachel Raymond, respondent.

        Leonard & Van Donsel, Cortland (Richard V. Van Donsel of
counsel), for Frank Eastman II, respondent.

        Hiscock & Barclay, LLP, Syracuse (Robert A. Barrer of
counsel), for Tyler Eaton, respondent.

        Law Office of Keith Miller, Liverpool (Keith D. Miller of
counsel), for Nicholas Rotchford, respondent.

                    _____

Lahtinen, J.

Appeal from an order of the Supreme Court (Rumsey, J.), entered June 21, 2013 in Cortland County, which, among other things, granted certain defendants' motions for summary judgment dismissing the complaint against them.

On July 5, 2008, plaintiff sustained serious injuries when the 1982 Chevrolet truck in which he was a passenger was involved in an accident on Cold Brook Road in the Town of Scott, Cortland County. According to plaintiff, the truck was one of three vehicles that were drag racing, reaching speeds in excess of 100 miles per hour on Cold Brook Road, a two-lane rural road with a speed limit of 55 miles per hour. Plaintiff recalled that, prior to the race, a group of primarily young adults, many of whom were consuming beer, had been bantering for about 20 minutes regarding who had the fastest vehicle. At about 10:40 p.m., 19-year-old plaintiff and 17-year-old defendant Rachel Raymond entered as passengers in the truck driven by 19-year-old defendant Brian Eastman (hereinafter Eastman) knowing that Eastman was about to embark on a race.

Eastman planned to race against a 1966 Chrysler owned by his uncle, defendant Frank Eastman II, which was operated by defendant Vincent Losaw with passengers Frank Eastman and defendant Tyler Eaton. A third vehicle operated by defendant Nicholas Rotchford joined the race according to plaintiff. Plaintiff testified at his deposition that during the race he stated to Eastman that Losaw was beating him and that he was letting Losaw win. Eastman then increased his speed and, shortly thereafter, lost control of the truck going off the road into a ditch and eventually striking a tree.

Plaintiff commenced this action against the three drivers as well as the passengers of the vehicles involved in the race that night. Losaw defaulted, but the remaining defendants eventually moved for summary judgment dismissing the complaint. Plaintiff opposed the motions and also made a cross motion. Supreme Court, among other things, granted defendants' motions, finding that "plaintiff's own testimony establishes that he knowingly and willingly participated in the illegal act of aiding

or abetting the drag race, precluding him from recovery for the injuries that he sustained in the resulting accident" (40 Misc 3d 707, 712 [2013]). Plaintiff appeals.

"[A]s a matter of public policy, . . . where a plaintiff has engaged in unlawful conduct, the courts will not entertain suit if the plaintiff's conduct constitutes a serious violation of the law and the injuries for which the plaintiff seeks recovery are the direct result of that violation" (Manning v Brown, 91 NY2d 116, 120 [1997]; see Barker v Kallash, 63 NY2d 19, 24 [1984]; Wolfe v Hatch, 95 AD3d 1394, 1395-1396 [2012]; La Page v Smith, 166 AD2d 831, 832 [1990], lv denied 78 NY2d 855 [1991]). Plaintiff urges that this rule of law is inapplicable because he was merely a passenger and also because some of the defendants indicated during disclosure that they did not consider themselves to be racing. As for the latter argument, plaintiff controls the theory of his case and he has not wavered from his contention that a high-speed drag race was in progress — an allegation made in his complaint, bills of particulars, proposed amended complaint, affidavits submitted in the underlying motions and about which he testified in detail at his deposition. Supreme Court did not err in accepting plaintiff's admitted conduct in such regard (see generally Ribaudo v Delaney Constr. Corp., 44 AD3d 1143, 1144-1145 [2007]; Sutton v Eastern N.Y. Youth Soccer Assn., Inc., 8 AD3d 855, 857 [2004]; Rucci v Cooper Indus., 300 AD2d 1078, 1079 [2002]).

The fact that a plaintiff's injuries occurred in the course of unlawful conduct does not mandate dismissal (see Barker v Kallash, 63 NY2d at 25), but instead the violation of law must be "sufficiently serious" to support such an extreme result, and this determination necessarily implicates "due consideration of all the relevant facts and circumstances" (Wolfe v Hatch, 95 AD3d at 1396). Here, plaintiff testified that he knew Eastman had been drinking beer all day, plaintiff participated in banter regarding racing and he vouched for Eastman's truck as the fastest. Plaintiff stated that he entered the truck knowing a race was about to start, the truck and the vehicle driven by Losaw revved engines at a starting point on the road with yelling back and forth, and plaintiff never suggested that Eastman not proceed to race. In fact, once the race started, he even made

comments urging Eastman to go faster so as not to be defeated in the race.  Shortly thereafter, Eastman lost control of the truck. Estimated speeds during the race exceeded 100 miles per hour. Plaintiff was very familiar with the road, acknowledged racing on it previously and described it as "pretty curvy," "surface isn't even," "potholes, bumps" and "not much shoulder."

Racing side by side at over 100 miles per hour in the dark on a two-lane rural road under the circumstances of this case constitutes the type of grossly reckless conduct that created a grave risk to the public (see Manning v Brown, 91 NY2d at 122; La Page v Smith, 166 AD2d at 833).  As tragic as this accident was, the conduct herein created a situation that could have easily resulted in additional individuals being seriously injured or killed, including people innocently driving on the road. Plaintiff was an adult who had previously driven in a race on this same section of road.  Although his status as a passenger is certainly a relevant consideration, it is not dispositive (see Manning v Brown, 91 NY2d at 119).  Significantly, plaintiff admitted encouraging the race to take place, entering the truck knowing the driver had been drinking beer and was about to race another car, being fully familiar with the rural road on which the race would proceed, and essentially pressuring Eastman during the course of the race to go faster so as not to lose the competition.

This case presents the extremely unusual situation where plaintiff, to avoid dismissal, would have to urge that his pertinent pleadings, allegations and testimony be totally disregarded.  However, he has not attempted to explain or disavow his consistent contentions that, after several hours of beer drinking and extended discussions about who had the fastest vehicle, a drag race ensued and was in progress at the time of the accident.  Even his proposed amended complaint submitted in the underlying motions alleged that "drag racing" was in progress.  We have previously held that, despite some contrary evidence, a plaintiff's unequivocal and clear admissions of a dispositive issue in deposition testimony can result in summary judgment dismissal (see Jenkins v Jones, 255 AD2d 805, 806 [1998]).  Moreover, in the analogous situation of a motion for a directed verdict (see David D. Siegel, Practice Commentaries,

McKinney's Cons Laws of NY, Book 7B, CPLR C3212:5 at 13-14), admissions can support dismissal (see David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4401:2 at 570-571).  As Judge Cardozo long ago noted, "[w]hen we say that there is no evidence to go to a jury, we do not mean that there is literally none, but that there is none that ought reasonably to satisfy a jury that the fact sought to be proved is established" (Matter of Case, 214 NY 199, 204 [1915] [internal quotation marks and citations omitted]).  Since plaintiff has shown no inclination to depart from or modify his drag racing theory, it would be unreasonable to permit a trial where the person pursuing the action urges a jury not to believe any of his own testimony about his espoused theory of liability.  Given all the relevant facts and circumstances admitted by plaintiff, we agree with Supreme Court that public policy precludes a recovery.

The remaining arguments are either academic or without merit.

Peters, P.J., Rose and Clark, JJ., concur.


Garry, J. (dissenting).

I respectfully dissent, based upon our most well-established procedural rules.  "It is well settled that the drastic remedy of summary judgment should not be granted where there is any doubt as to the existence of triable issues[,] and issue finding, rather than issue-determination, is the key" (Benizzi v Bank of the Hudson, 50 AD3d 1372, 1373 [2008] [internal quotation marks, brackets and citations omitted]).  Moreover, upon review, we are required to "view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference and ascertaining whether there exists any triable issue of fact" (Boston v Dunham, 274 AD2d 708, 709 [2000]; see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]; Sutin v Pawlus, 105 AD3d 1293, 1295 [2013]).  The majority errs here by doing the opposite, accepting and adopting the facts in the light most negative to plaintiff.

Here, a passerby found plaintiff at the roadside after he had been ejected from defendant Brian Eastman's pickup truck and left there by Eastman; plaintiff has been rendered a quadriplegic as a result of the injuries he sustained. Eastman, both in his statement to police in the immediate aftermath of this occurrence and in his subsequent sworn deposition testimony, has steadfastly denied that there had been any racing occurring prior to his truck leaving the roadway. Defendant Tyler Eaton denied that the parties had even discussed the topic of any possible race, let alone engaged in any racing activity on the evening of plaintiff's injury; defendant Frank Eastman II, a passenger in one of the other vehicles, testified that there was some conversation about what type of engine was faster, but he did not recall any conversation about racing that evening. The factual issues posed by the parties' sharply conflicting testimony are not remotely susceptible to legal determination. Contrary to the majority's view, plaintiff is not bound by his own view of the facts, as his account of the events may or may not, in fact, be accurate. Put another way, the sworn testimony of defendants cannot be simply overlooked or disregarded upon this application. This case requires an assessment of credibility and, thus, cannot be resolved at this juncture by summary judgment (see Escobar v Velez, 116 AD3d 735, 735 [2014]; Lopez-Viola v Duell, 100 AD3d 1239, 1242 [2012]; Greco v Boyce, 262 AD2d 734, 735 [1999]). For these reasons, application of the Barker-Manning rule (see Manning v Brown, 91 NY2d 116 [1997]; Barker v Kallash, 63 NY2d 19 [1984]) was premature and procedurally improper. We should therefore reverse so much of the order as granted defendants' motion and dismissed the complaint, and allow the matter to proceed for factual determination.

However, assuming without agreeing that it would be possible to reach this issue at this juncture — that is, assuming that the underlying factual dispute might be somehow addressed and resolved — and further, deeming all issues to be resolved most unfavorably to plaintiff, as the majority proposes, I would nonetheless reject the majority's position. Although in Manning v Brown (91 NY2d at 121-122), a passenger in an automobile was precluded from recovering damages for injuries sustained in an accident that resulted from "joyriding," the underlying facts here may be distinguished. In Manning, the plaintiff had set the

causal chain in motion by stealing the car prior to the accident and, immediately prior to the accident, was distracting the driver by engaging in conduct designed to avoid detection of the theft (id. at 119). Here, we would be extending the rule to prohibit recovery to plaintiff as a matter of law for the transgression, essentially, of riding with a drunk driver and urging that driver to go faster. I share the grave concern of Supreme Court and the majority when considering the danger posed when a quiet country road is used for racing or speeding. This danger is not alleviated in any manner, however, by imposing a drastic penalty upon the one party least responsible for the danger created on that roadway that evening, while allowing each of the drivers who were actually operating vehicles to avoid potential liability. The rule "is grounded in public policy" (Barker v Kallash, 63 NY2d at 26), and I do not find that its application here furthers sound policy goals. There is but one driver in any vehicle. That individual bears a special host of legal responsibilities that is not shared with passengers, and these should not be lightly abrogated, even where the passengers may be found to have urged their drivers on to acts of terrible recklessness. This record is replete with factual issues, including issues of comparative negligence, that should be weighed and determined by the finder of fact following trial.

ORDERED that the order is affirmed, with one bill of costs.

ENTER:

Robert D. Mayberger
Clerk of the Court